MITCHELL v. CHARLESTON LIGHT AND POWER COMPANY.

1. REQUESTS TO CHARGE—CHARGE—EXCEPTIONS.—Appellant's first objection to the Judge's charge is not applicable to the whole charge taken together; and as that is the way this Court must consider a charge, it cannot be sustained.

2. IBID.—IBID.—Nor is such charge open to the construction that defendant would be liable, though not negligent, if the falling of the wire was caused by a class of storm other than a "cyclone," the word "cyclone" having been used, because the witnesses had testified that the day was "cyclonic."

3. IBID.—CIRCUIT JUDGE.—It is not the duty of the Circuit Judge to strike out that part of a request which rendered it defective, and then charge so much as embodied a sound proposition of law.

4. NEGLIGENCE.—An electric company is bound to use due diligence to receive information as to the condition of its wires, and failure to use due diligence in this respect would constitute negligence.

5. REQUEST TO CHARGE—CIRCUIT JUDGE.—A Circuit Judge is not bound to charge a request, because it is good law, if he has already covered the same point in another portion of his charge.

6. IBID.—The words complained of by the defendant in his fifth exception, are to be construed and taken in connection with the seventh request, and so taken are not erroneous.

Before GARY, J., Charleston, November, 1894.    Affirmed.

Action by John S. Mitchell against Charleston Light and Power Company, for damages for injuries sustained by him in coming in contact with one of defendant's live wires lying broken on the street.    Commenced January 29, 1894.

The defendant requested the Judge to charge as follows:

1. The law does not require impossibilities of any person, natural or artificial, nor does it require that the defendant should have ready for service at every moment and at every point of exposure, an adequate force to overcome a sudden fracture of wire or any other like casualty in the

shortest possible time. All that it can be required to do in this connection is to maintain an efficient system of oversight, and to be prepared with competent and sufficient force ready to furnish, within a reasonable time, proper remedy for all such casualties, defects, and accidents as from experience there was any reasonable ground to anticipate might occur. *Holly* v. *Boston Gas Light.Co.*, 73 Mass., 134.

2. If the jury find that the wire in question was broken by a storm, or from some cause beyond the control of the defendant, then no blame can attach to the defendant from the fact that the wire fell and remained lying on the ground in the public thoroughfare, unless it was allowed to remain there after notice for an unreasonable length of time, that is, for a period of time longer than would furnish a reasonable opportunity for the removal of the wire. *District of Columbia* v. *Woodberry*, 136 U. S., 464.

3. That the defendant was entitled to a reasonable time after (being informed of) the fall of the wire, in which to repair it or to remove it out of the way of persons using the street, and if the jury find that the injury to the plaintiff occurred before the expiration of such reasonable time, then the plaintiff is not entitled to recover anything in this action. (Struck out "being informed of.") *Nicholas* v. *Minneapolis*, 1 Amer. Elec. Cases, 762.

4. If the jury find that between the time when the defendant received notice of the breaking of the wire and the time at which the plaintiff came in contact therewith, there was not a reasonable time in which the defendant could have repaired the wire, or could have removed it out of the way of persons using the street, then their verdict must be in favor of the defendant. *Ibid.*

5. If the jury find that the plaintiff was injured by coming in contact with defendant's wire, and that, by the exercise of ordinary care, he could have avoided such contact, then the plaintiff is not entitled to recover anything in this action. *Conlan* v. *Charleston*, 15 Rich. L., 209.

6. If the jury find that a want of ordinary care on the part of the plaintiff in any degree contributed to the injury, then the plaintiff cannot recover in this action. *Ibid.*

7. If the jury find that the wire was broken by some object such as a slate or a tile hurled upon it by a storm, the wire being in good condition, the break would be attributable to an act of God.

The Judge charged the jury as follows:

It is a matter of congratulation to you, as well as to those engaged in this case, that it is about to draw to a close. After the able argument made on the facts, I trust you will not be delayed in your deliberations in forming a conclusion. Before charging you on what I conceive to be the law of the case, it may be proper to state to you what are the material issues made by the pleadings. The complaint charges that on the 16th day of December last, about a year ago, while walking on one of the thoroughfares of the city of Charleston, the plaintiff came in contact with a wire erected by the defendant, and by such contact received injuries to the extent of $20,000. The defendant joins issue with him both as to the amount of his injuries, and sets up the affirmative defense that he, the plaintiff, contributed to his own injury, if he sustained any, and that thereby the company was absolved. The defendant sets up the further defense, that the injury complained of was due to no fault on the part of the company, but to an act of God, over which the company had no control, and could not reasonably anticipate. These are the issues of fact presented to you.

I charge you, as matter of law, that a company of this kind, using a thoroughfare or public highway for the purpose of its business, is charged in law with great care, not only in erection of the wires but in maintaining and keeping them in repair. They must be so kept and conducted that a citizen pursuing the ordinary vocations of life will not come in contact with them. It is the business of the company to so erect them as not to interfere with the safety

of the citizens of the community while pursuing their vocations in the ordinary walks of life.    The question for you is:  Were these wires erected so as to anticipate any ordinary occurrence in the weather?    Was it the act of God, or was it the careless or loose manner in which the wires were erected, which caused this wire to break?    If it were the act of God—that is, such an act that a business man of ordinary forethought and prudence could not anticipate—then the company would not be liable under those circumstances. But, on the other hand, the company is charged with so placing their wires and so keeping them in repair as to withstand the ordinary weather—rain, heat, cold and wind. It is alleged on the part of the company that that wire was broken in consequence of a severe wind storm.    Was it an ordinary windy day, such as is liable to  occur at that time of the year, or was it one that could not be anticipated? The law does not require impossibilities.

If a cyclone, that could not be anticipated or reasonably foreseen, was the cause of that wire falling, and the company was not negligent in allowing it to remain there for an unreasonable length of time, then, under these circumstances, it would not be liable.    But if the accident was due to the wires being improperly erected or improperly maintained in repair, or having been properly erected, were broken and allowed to remain on the streets an unusually long time, then, if the injury to the plaintiff occurred under those circumstances, the company would be liable to compensate him in damages.    These are the general observations that I desire to call your attention to, before passing upon the points of law that I have been requested to charge you. Before reading these requests, I desire to state to you what is negligence, in words you will readily understand  Negligence is the want of due care.    That expresses it in a few words.    The plaintiff requests me to charge you as follows:

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation; or doing what such a person,

under existing circumstances, would not have done, the essence of the fault being either in the omission or commission." That I charge you as law.

Second. "If the jury believe that the defendant company was notified by telephone from Mr. Street's office that there was trouble with its wires, and failed to take immediate steps to investigate such trouble and rectify the same, if trouble existed; and if a sufficient time between the notice to the defendant of the trouble to its wires and the accident to the plaintiff for its investigation and attention had elapsed, and thereafter, by reason of the failure of the defendant to attend to its said wires, such wire or wires, charged with electricity, hung suspended over the scene of the accident so as to become dangerous to passengers on the street, then the defendant would be guilty of negligence." I charge you that, which, in plain words, is, that if the company was notified that its wires were down, and did not take steps in a reasonable length of time to repair them, it would be guilty of negligence, if an accident occurred, in not repairing their wires in a reasonable length of time.

Third. "The degree of care, which the law requires, in order to guard against injury to others, varies greatly according to the circumstances of the case, and if the jury believes that electricity was the power used by the defendant in its business, and is a highly dangerous agency to life, unless exercised with constant and extreme care, then, to such extent, a high degree of care in its supervision, management and use, is required of defendant, and a failure on its part to exercise such high degree of care would be negligence." That I charge you is a good proposition of law.

Fourth. "If the jury believe that the defendant was negligent, according to the definitions given above, and that, in consequence of such negligence, the plaintiff accidently came in contact with wires charged with electricity, operated and controlled by defendant, and was injured thereby,

then the plaintiff would be entitled to recover." That I charge you to be the law. The fifth and sixth requests I refuse to charge, as having no application to this case.

Seventh. "When one is placed, by the negligence of another, in a situation of peril, his attempt to escape danger, even by doing an act which is in itself dangerous, and from which injury results, is not contributory negligence, such as will prevent him from recovering." That I charge you as law; if a man is in danger, and in order to avoid that danger, *bona fide* does something which is dangerous, that would not be considered in law contributory negligence. No issue involving the eighth proposition is made in the pleadings nor in the evidence, and is, hence, refused.

Tenth. "If the jury find that the defendant is liable, then they should give the plaintiff such damages as he has proved in this case, not exceeding $20,000, and in estimating such damages they must take into consideration the permanent injury to the plaintiff, the shock to his system, his pain and anguish, and a fair recompense for loss of what he might otherwise have earned, and has been deprived of the capacity for earning, by the wrongful act of the defendant." That I charge you to be the rule in estimating damages, if you find that the defendant was negligent, and the plaintiff did not contribute to his injury; you may give him a reasonable amount of compensation for his pain and anguish, and you may take into consideration what he might have earned, and has been deprived of earning by reason of the accident, in estimating your damages.

Eleventh. "An injury is said to be caused by an act of God, when it results immediately from a natural cause without the intervention of man, and could not have been prevented by the exercise of prudence, diligence and care by the party charged with liability, by reason of his negligence in permitting said injury to occur; and a defendant so charged with liability, if he invokes the act of God as a defense, has the burden of proof upon him to show, not only that the act of God was the cause but that it was the entire

cause of the injury, because it is only when the act of God is the entire cause of the injury, and said injury could not have been prevented by the exercise of prudence, diligence and care by the defendant, that the said defendant can be shielded." I charge you that, as I have already explained to you. For instance, the law would require the company to guard against ordinary wind storms when he erects an electric wire in a public thoroughfare.

The defendant requests me to charge you certain propositions of law, and it may appear to you paradoxical that I charge the law on both sides. I put to you a hypothetical case. If you find a certain state of facts to exist, then the law which I give you follows from those facts. The defendant's requests are as follows:

First. "The law does not require impossibilities of any person, natural or artificial, nor does it require that the defendant should have ready for service at every moment and at every point of exposure, an adequate force to overcome a sudden fracture of wire or any other like casualty in the shortest possible time. All that it can be required to do in this connection is to maintain an efficient system of oversight, and to be prepared with competent and sufficient force ready to furnish, within a reasonable time, a proper remedy for all such casualities, defects, and accidents, as from experience there was any reasonable ground to anticipate might occur." That I charge you to be law.

Second. I refuse this request for reasons assigned upon the margin. (Written upon the margin was the following: "Refused for the reason that there is no legal obligation on plaintiff to show notice to defendant that the wire was down.")

Third. Upon that request I charge you as follows: "That the defendant was entitled to a reasonable time after the fall of the wire, to repair it or to remove it out of the way of persons using the street, and if the jury find that the injury to the plaintiff occurred before the expiration of such reasonable time, then the plaintiff is not entitled to recover

anything in this action." If they removed or repaired the wire in a reasonable time, and were not negligent in allowing it to lie upon the streets, then they would not be liable, because want of due care would not be established.

Fourth. "If the jury find that between the time when the defendant received notice of the breaking of the wire and the time at which the plaintiff came in contact therewith, there was not reasonable time in which the defendant could have repaired the wire or could have removed it out of the way of persons using the streets, then their verdict must be in favor of the defendant." That I charge you to be the law.

Fifth. I have refused this proposition for reasons assigned. (Written upon the margin was the following: "Refused for the reason that the evidence showed that the defendant did not know, nor had any means of knowing, that the wire was charged with electricity. It was not the contact with the wire that caused the injury but the electricity, which was a hidden force.")

Sixth. "If the jury find that a want of ordinary care on the part of the plaintiff in any degree contributed to the injury, then the plaintiff cannot recover in this action." That I charge you to be the law.

Seventh. "If the jury find that the wire was broken by some object such as a slate or tile hurled upon it by a storm, the wire being in good condition, the break would be attributable to the act of God." I charge you that; but it would be the duty of the defendant to use precautionary measures not to allow the wire to remain on the streets. The negligence complained of in this case is that the wire remained on the streets after it was broken; and if it remained there longer than a reasonable time, and could have been removed sooner by a due exercise of care, then that was negligence, and the defendant would be responsible.

If you find for the plaintiff, you will say: We find for the plaintiff so many dollars and cents, writing it out in words. If you find for the defendant, simply say: We find for the defendant, and sign your name as foreman.

(The words written on the margin of defendant's second and fifth requests to charge were not repeated by the Judge to the jury on the trial of the case.)

The jury rendered a verdict in favor of plaintiff for $10,000. Upon motion for new trial, it was reduced to $7,500.

The defendant appealed upon the following exceptions:

I. That the presiding Judge erred in charging the jury as follows: "If a cyclone, that could not be anticipated or reasonably foreseen, was the cause of that wire falling, and the company was not negligent in allowing it to remain there for an unreasonable length of time, then, under those circumstances, it would not be liable."

II. That the presiding Judge erred in refusing to charge the defendant's second request to charge, viz: that "if the jury find that the wire in question was broken by a storm, or from some cause beyond the control of the defendant, then no blame can attach to the defendant, from the fact that the wire fell and remained lying on the ground in the public thoroughfare, unless it was allowed to remain there after notice for an unreasonable length of time—that is, for a period of time longer than would furnish a reasonable opportunity for the removal of the wire."

III. That the presiding Judge erred in refusing to charge, and in striking out from the defendant's third request to charge, the words "being informed of," where they occur in said request immediately following the words "a reasonable time after."

IV. That the presiding Judge erred in refusing to charge the defendant's fifth request to charge, viz: that "if the jury find that the plaintiff was injured by coming in contact with defendant's wire, and that by the exercise of ordinary care he could have avoided such contact, then the plaintiff is not entitled to recover anything in this action."

V. That the presiding Judge erred in commenting upon the plaintiff's seventh request to charge, and explaining the same as follows, viz: "If a man is in danger, and in order to avoid that danger, *bona fide* does something which is

dangerous, that would not be considered in law contributory negligence."

*Messrs. Ficken & Hughes*, for appellant.

*Messrs. Buist & Buist*, contra.

Sept. 17, 1895. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant is a corporation engaged in generating and furnishing electricity in the city of Charleston, S. C., for the purpose of illumination and motive power. On the 16th of December, 1893, during the prevalence of a violent wind storm, one of the electric wires of the defendant, fully charged with electricity, broke, and the two severed ends rested on the ground in one of the thoroughfares of the city. The defendant's testimony tended to show that the wire broke about 2 o'clock, while the testimony of the plaintiff tended to show that it broke at an earlier hour in the day, and that between 12 and 1 o'clock on the day of the accident the defendant was notified that there was some trouble with its wires, and that they were dangerous.

At about 3 o'clock p. m., the plaintiff, while passing through this thoroughfare, was injured by the fallen wire. He was instantly shocked upon coming in contact with it, and fell to the earth unconscious. For some time thereafter he was confined to his bed, during which period he suffered greatly. His hand was badly burnt, and he lost the use of two fingers. This action was instituted to recover damages for such injuries. The plaintiff charged negligence on the part of the defendant, in that it permitted its wires, charged with electricity, to hang suspended over a thoroughfare of the city so as to become dangerous to passengers on the street, and that the plaintiff, a passenger, in consequence thereof, was seriously injured by the said wire charged with electricity, and was damaged to the extent of $20,000.

The defendant joined issued on these allegations, and set up the defense of contributory negligence on the part of

the plaintiff; also set up the further defense, that the injury resulted from the act of God. The jury found a verdict in favor of the plaintiff for $10,000. The defendant moved for a new trial before his Honor, Judge Gary, who granted an order for a new trial unless the plaintiff would remit $2,500 of the verdict, which the plaintiff did.

The charge of the presiding Judge will be set out in the report of the case.

The appellant's first exception is as follows: 1. "That the presiding Judge erred in charging the jury as follows: 'If a cyclone, that could not be anticipated or reasonably foreseen, was the cause of that wire falling, and the company was not negligent in allowing it to remain there for an unreasonable length of time, then, under those circumstances, it would not be liable.'"

It is not contended that the detached portion of the charge in itself states an erroneous principle of law, but that it is misleading, inasmuch as the jury might have inferred that if a cyclone, that could have been anticipated or reasonably foreseen, was the cause of the wire falling, and the company was not negligent in allowing it to remain there for an unreasonable length of time, still, under those circumstances, it would be liable. The appellant also contends, "that the presiding Judge, in confining his declaration to the effect of the class of storms commonly designated as cyclones, rejected the proposition that any other class of storm, or that a storm of not quite the same degree of violence as a cyclone, would operate to relieve the defendant from liability, were it in other respects free from negligence." Under the numerous decisions of this Court, the principle is well established that the charge of the Circuit Judge to the jury must be considered as a whole. When an exception is taken to a certain portion of the presiding Judge's charge to the jury, it is the duty of this Court, in considering the exception, to look to the entire charge, to ascertain whether or not the detached portion of the charge correctly states the views of the law which the presiding

Judge intended to convey to the jury.    In his charge to the
jury, touching this question, his Honor said: "The question
for you is: were these wires erected so as to anticipate any
ordinary occurrence in the weather?    Was it the act of God,
or was it the careless or loose manner in which the wires
were erected, which caused this wire to break?    If it were
the act of God—that is, such an act as a business man of
ordinary forethought and prudence could not anticipate—
then the company would not be liable, under those circum-
stances.    But, on the other hand, the company is charged
with so placing their wires and so keeping them in repair
as to withstand the ordinary weather—rain, heat, cold, and
wind.    It is alleged, on the part of the company, that their
wire was broken in consequence of a severe wind storm.
Was it an ordinary windy day, such as is liable to occur at
that time of the year, or was it one that could not be anti-
cipated?    The law does not require impossibilities.    If a
cyclone, that could not be anticipated or reasonably fore-
seen, was the cause of that wire falling, and the company
was not negligent in allowing it to remain there for an un-
reasonable length of time, then, under those circumstances,
it would not be liable.    But if the accident was one due to
the wires being improperly erected or improperly main-
tained in repair, or, having been properly erected, were
broken and allowed to remain on the streets an unusually
long time, then, if the injury to the plaintiff occurred under
those circumstances, the company would be liable to com-
pensate him in damages.    These are the general observa-
tions that I desire to call to your attention, before passing
upon the points of law I have been requested to charge
you."    When that portion of the charge set out in the ex-
ception is considered in connection with the entire charge
on this question, we see no ground for sustaining the objec-
tion to it, that it might have misled the jury.

We come next to a consideration of appellant's second
objection to the language of the presiding Judge, contained
in the first exception.    The presiding Judge used the word

"cyclone" in his charge to the jury, because the witnesses had testified that the day when the injury was sustained was "cyclonic;" the charge was, therefore, based upon the testimony, and applicable to this case. When the charge is considered in its entirety, we do not see how it can be construed as announcing the proposition of law, that if the defendant was free from negligence, it would still be liable if the falling of the wire was caused by a class of storm other than a cyclone, or by a storm of not quite the same degree of violence as a cyclone. The first exception is overruled.

The second exception is as follows: II. "That the presiding Judge erred in refusing to charge the defendant's second request to charge, viz: that 'if the jury find that the wire in question was broken by a storm, or from some cause beyond the control of the defendant, then no blame can attach to the defendant, from the fact that the wire fell and remained lying on the ground in the public thoroughfare, unless it was allowed to remain there after notice for an unreasonable length of time—that is, for a period of time longer than would furnish a reasonable opportunity for the removal of the wire.' " The words "after notice" rendered the proposition of law therein stated unsound, for the reason that the negligence of the defendant might have consisted in its failure to know the facts connected with the breaking of the wire—in other words, the defendant might have been negligently ignorant. *Dist. of Columbia*, 136 U. S., 463; *Branch* v. *R. R. Co.*, 35 S. C., 405. It was not the duty of the Circuit Judge to strike out that part of the request to charge which rendered it defective, and then charge so much thereof as embodied a sound proposition of law. *Gunter* v. *Graniteville Mfg. Co.*, 15 S. C., 443, and numerous other cases in this State. The second exception is overruled.

The third exception is as follows: III. "That the presiding Judge erred in refusing to charge, and in striking out from the defendant's third request to charge, the words

'being informed of,' where they occur in said request immediately following the words 'a reasonable time after.' " The third request to charge is as follows: "That the defendant was entitled to a reasonable time after (being informed of) the fall of the wire, in which to repair it or to remove it out of the way of persons using the streets, and if the jury find that the injury to the plaintiff occurred before the expiration of such reasonable time, then the plaintiff is not entitled to recover anything in this action." This exception cannot be sustained. The jury might have found that the injury to the plaintiff occurred before the expiration of a reasonable time after the defendant was informed of the fall of the wire, yet this would not necessarily have precluded the plaintiff from recovering damages; because the negligence of the defendant might have consisted in failing to take proper steps to receive information concerning the condition of its wires. Under this request to charge, if the defendant was not informed of the falling of the wire until a week or a month thereafter, it would still have been entitled to a reasonable time to remove the obstruction after such notice, although it might have been negligently ignorant. The defendant was bound to exercise due diligence to receive information as to the condition of its wires, and its failure to use proper diligence in this respect would constitute negligence. The third exception is overruled.

The fourth exception is as follows: IV. "That the presiding Judge erred in refusing to charge the defendant's fifth request to charge, viz: that 'if the jury find that the plaintiff was injured by coming in contact with defendant's wire, and that by the exercise of ordinary care he could have avoided such contact, then the plaintiff is not entitled to recover anything in this action.' " It would have been error on the part of the Circuit Judge to refuse this request, were it not for the fact that he, in substance, charged the proposition of law therein contained in another part of his charge to the jury, to wit: in charging the defendant's sixth request to charge, which is as follows: "If the

jury find that a want of ordinary care on the part of the plaintiff in any degree contributed to the injury, then the plaintiff cannot recover in this action." Whether or not the plaintiff had knowledge that the wire was filled with electricity was a fact to be considered by the jury in determining the question of negligence on the part of the plaintiff in coming in contact with the wire; but the failure to make mention of the electricity, in the request to charge, did not render the proposition of law therein stated unsound. For the reason that this request was substantially presented to the jury, the fourth exception is overruled.

The fifth exception is as follows: "That the presiding Judge erred in commenting upon the plaintiff's seventh request to charge and explaining the same as follows, viz: 'If a man is in danger, and in order to avoid that danger, *bona fide* does something which is dangerous, that would not be considered in law contributory negligence.'" These words are to be construed in connection with the seventh request to charge, which is as follows: "When one is placed by the negligence of another in a situation of peril, his attempt to escape danger, even by doing an act which is in itself dangerous, and from which injury results, is not contributory negligence, such as will prevent him from recovering." It will be observed, that the exception does not question the correctness of the law as charged in the seventh request, but only complains of error on the part of the presiding Judge in using the foregoing words after charging said request. When the words used by the Circuit Judge are considered in connection with the seventh request, it will be seen that they do not lay down a different proposition of law from that contained in said request, and that they are simply explanatory of said request. Even if considered alone, these words do not state an erroneous principle of law, although in themselves they are not as comprehensive as might have been desired.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.