EDWARD DOLSON v. THOMAS DUNHAM and Another.[1]

November 17, 1905.

Nos. 14,499—(76).

**Charge to Jury.**

The giving of an instruction calculated to materially affect the verdict, which introduces into the case a new and substantial issue not presented by the pleadings nor litigated by consent, constitutes reversible error. This rule is here applied to an instruction as to warning a servant of impending danger.

**Contributory Negligence.**

Where the harm complained of in an action to recover for personal injuries is the result of an effort to escape a sudden and impending danger, resulting from the negligence of the person sought to be charged, contributory negligence as a matter of law is not made out by showing that the person seeking to recover might have escaped harm by pursuing some other available course.

**Questions for Jury.**

Plaintiff, engaged in putting a belt over a pully in a pit underneath the frame of a sawmill, was thrown against an unprotected revolving saw when the machinery was started in motion. *Held*, that the question of the negligence of the defendant in too rapidly operating the machinery, and the question of the contributory negligence of the plaintiff in placing the side of his foot against the belt of the revolving pulley to hold it on, was for the jury.

Action in the district court for Otter Tail county to recover $5,000 for personal injuries. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*M. J. Daly,* for appellants.

*C. L. Hilton* and *J. W. Mason,* for respondent.

JAGGARD, J.

This was an action brought to recover for personal injuries suffered by plaintiff and respondent while at work in the bottom of a pit, under-

[1] Reported in 104 N. W. 964.

neath the frame of a sawmill outfit, in an endeavor to adjust a belt on a pulley attached to the sawdust elevator. Plaintiff, twenty-two years of age, whose only experience on the subject was derived from having worked around threshing machines and having at some time seen the main belt adjusted, had, together with one of the defendants, been trying to adjust the belt while the machine was at rest. One of the defendants asked the plaintiff if he thought he could put the belt on the pulley if the defendant would start the engine. The plaintiff thought he could. The defendant started the engine. The plaintiff put the belt partially on, and then, according to his testimony at one time, to prevent the belt from flying off and either killing or injuring him, placed his foot against the belt to hold it on and was instantly thrown backward against the running saw, whereby his arm was cut off. The jury returned a verdict for $1,500.

We are of opinion that on this state of facts the questions of negligence of the defendants and of the contributory negligence of the plaintiff were for the jury. While the testimony was not very positive, there was still some evidence to the effect that the defendant started the engine swiftly. The plaintiff did not assume this risk by going into a dangerous situation with complete knowledge of his environment.

The graver question arises as to whether the plaintiff was not guilty of contributory negligence upon his own testimony. At one time his testimony was to the effect that he got the belt part way on with his hands, and that he then put his foot on to see if he could not get it further on. At another place he testified that he had been trying to keep the belt on with his hands, but that it ran so swiftly it "stung his hands, burned like," and that he put his toe against the belt to keep it on the pulley. He did this to keep the belt from coming off, because he was afraid, if it came off, it would "flop around and kill him." The extent to which this testimony was conflicting and the weight to be given to it were matters for the consideration of the jury, under all the circumstances of the case. Nelson v. Betcher Lumber Co., supra, page 76.

The defendants contended with much force and a good show of reason that the plaintiff might have escaped this danger and damage to himself by placing himself in a different position and by pursuing another course. It is a well-settled rule, however, that where there are different lines of action, any one of which may be taken, and a person

of ordinary skill, in the presence of imminent danger, is compelled to choose one or the other, and does so in good faith, the mere fact that it was afterwards discovered by the result that his choice was not the best means of avoiding harm, or that no harm would have resulted if he had done nothing, such choice cannot be imputed to him as negligence. Purcell v. St. Paul City Ry. Co., 48 Minn. 134, 50 N. W. 1034; Gunz v. Chicago, 52 Wis. 672, 10 N. W. 11; Schultz v. Chicago, 44 Wis. 638; Coulter v. American, 56 N. Y. 585; Pennsylvania v. Werner, 89 Pa. St. 59; Siegrist v. Arnot, 10 Mo. App. 197; Stokes v. Saltonstall, 13 Pet. 181; Mitchell v. Charleston, 45 S. C. 146, 22 S. E. 767. The question concerning contributory negligence was accordingly for the jury.

The trial court repeatedly submitted to the consideration of the jury the neglect of the defendant to warn the plaintiff or to advise him what position to take. There was no issue on this subject, either in the pleadings or in the evidence; and, although there was testimony that the defendants cautioned the plaintiff to be careful, that issue was not litigated by consent. These instructions, calculated as they were to materially influence the jury, were, therefore, gratuitous. The defendants are for that reason entitled to a new trial. This conclusion renders it unnecessary for us to discuss other trial errors assigned.

Order reversed.