### 7230

### STONO MINES v. SOUTHERN STATES PHOSPHATE & FERTILIZER CO.

CONTRACT.—CHARGE in this case, when construed as a whole, *held* not to have misled the jury as to the construction of a contract for purchase of phosphate rock.

Before GAGE, J., Colleton, November term, 1907. Affirmed.

Action by Stono Mines against Southern States Phosphate and Fertilizer Company. From judgment for plaintiff, defendant appeals.

*Messrs. Wm. H. Fleming* and *Howell & Gruber,* for appellant.

*Messrs. J. Lamb Perry, H. A. M. Smith* and *J. D. Padgett,* contra, cite: *For acts of omission in charge no exception lies:* 51 S. C., 120; 59 S. C., 104; 54 S. C., 195; 76 S. C., 386.

June 30, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the amount alleged to be due for phosphate rock sold and delivered to the defendant under the contract between the parties,

which is set out in the opinion of the Court, upon the former appeal in this case, reported in 76 S. C., 327, 56 S. E., 982.

The jury rendered a verdict in favor of the plaintiff for $4,900.25, and the defendant appealed upon exceptions, the first of which is as follows: "That the presiding Judge was in error in charging the jury that if the rock delivered by the plaintiff to the defendant contained less than fifty-eight per cent, bone phosphate of lime, but not so much less as to render it unfit for use, then the purchaser should pay for it at the reduced price named in the contract; whereas, the presiding Judge should have charged that if such rock contained materially less than fifty-eight per cent. bone phosphate of lime, then the defendant could not be required to accept it or pay for it, even though it might have been fit for use."

This Court in the former opinion said, 76 S. C., 330: "Our construction of the contract is: (1) That the plaintiff guaranteed, in express terms, that the rock should contain 58 per cent. bone phosphate of lime. (2) That if the analysis fell below 58 per cent. bone phosphate of lime, a reduction proportionate to 58 per cent. and the stipulated price would be allowed the defendant; and (3) that the defendant was not bound to accept the rock if the per cent. bone phosphate of lime which it contained was materially less than 58 per cent.; in other words, if it was not reasonably suited for the purpose for which it was sold.

"This is the only interpretation that will give full force and effect to all the provisions of the contract, and is in harmony with the manifest intention of the parties, that there should be a guaranty; with the fact that the parties had in mind a small difference between 58 per cent. and that contained in the rock delivered; and, finally, with the fact that if the difference was material, it would defeat the object of the contract."

The defendant presented the following requests, which were charged by his Honor, the presiding Judge: "The

defendant had a right to reject any rock that contained 'materially less than 58 per cent.' bone phosphate of lime; 'in other words, if it was not reasonably suited for the purpose for which it was sold.' 'The parties had in mind a small difference between 58 per cent. and that contained in the rock delivered,' and 'if the difference was material it would defeat the object of the contract.' It is not sufficient for the plaintiff to show merely that the rock was 'unmerchantable,' in the sense that it could not be sold for some sort of price on the market. Plaintiff must show that the rock tendered and rejected did not contain materially less than 58 per cent. bone phosphate of lime; in other words, that it was reasonably suited for the purpose for which it was sold, and that there was only a small difference between 58 per cent. and that contained in the rock delivered. The jury are to say, under the evidence, what per cent. would be 'materially less' than 58 per cent.; also what would be 'reasonably suited for the purpose of the sale;' also what would be a 'small difference between 58 per cent. and that contained in the rock delivered.' "

In his general charge the Circuit Judge also instructed the jury as follows: "Manifestly, gentlemen, and the Court so held, if it contained so much less as to make it unfit for service, for use, the purchaser could not be made to take it at all. But if it contained less than 58 per cent, but not so much less as to render it unfit for use, then the purchaser should pay for it at the reduced price named in the contract. Well, now, the jury is constituted the judge, first, as to whether this rock did fall below 58 per cent.; what per cent. did it fall to; and if it fell so low that it became useless to the people who bought it. For instance, gentlemen, here is 58 per cent., so high. Now, if it falls below that, it may fall 57, 56 and 55, 54, and on down. The Supreme Court itself, and no Court, could say how low it should fall and still be useful, because it hasn't the faculty or the power to determine that sort of thing. It is a question of fact, and must

be determined with the trials of fact by a jury. The Supreme Court itself could not say that the purchaser should take stuff that fell below 57, 56 or 55; they could only say that it must not fall below 58, and what is reasonably below, in any case, depends upon the judgment of twelve men, sworn to find the fact. So that is your business. Here is the standard, 58. Then you are to determine, first, whether this rock did actually fall below 58; and if it did, did it fall so far as to render it unfit for the purpose for which it was sold? I charge you, that if it fell so low as to render it unfit the purchaser had the right to throw up the contract and to say, this thing is useless and we won't have it at all. If it did not fall so low—if it was still short of 58, yet if it was valuable, reasonably valuable, for the purposes for which it was intended, then the purchaser must take it and must pay for it at the rate, less than $3.75, as stipulated in the contract. Now, you understand that. * * *

"Now the plaintiffs admit, with reference to the December shipments, that it does not come up to the standard of 58 per cent., but they say it comes to 52 per cent. (So that the only question for you with reference to that matter is, are rocks which contain only 52 per cent. phosphate of lime reasonably useful to the defendants for the purpose for which they bought it. If it is not, then the defendants are not liable for the December shipments—that is, reasonably useful for the purposes for which it was bought. If it is, then the defendants are liable for it. Whether it is of value, or whether it has no value, is a question for this jury.)"

The rule to be applied in considering exceptions is thus stated in *Mitchell* v. *Light and Power Co.,* 45 S. C., 146, 156, 22 S. E., 767. "Under the numerous decisions of this Court, the principle is well established that the charge of the Circuit Judge to the jury must be considered as a whole. When an exception is taken to a certain portion of the presiding Judge's charge to the jury, it is the duty of this Court, in considering the exception, to look to the entire

charge to ascertain whether or not the detached portion of the charge correctly states the views of the law which the presiding Judge intended to convey to the jury."

There are expressions in the charge which. standing alone, would be reversible error; but when the charge is considered in its entirety, it can not reasonably be supposed that the jury was misled. This exception is overruled.

As the second exception raises practically the same question, it is also overruled.

The third, fourth and fifth exceptions assign error on the part of his Honor, the presiding Judge, in charging on the facts. These exceptions, however, seem to have been taken under a misapprehension as to certain allegations of the complaint, which were either not denied or were expressly admitted to be true. These exceptions, therefore, can not be sustained.

The sixth exception is as follows: "That the presiding Judge erred in excluding from the consideration of the jury all damage which the defendant sought to recover of the plaintiff under its counterclaim, except such damage as it had sustained in being forced to go into the market and buy other rock with which to fill its orders, other damage having been claimed and proven." We deem it only necessary to state that there was no testimony tending to sustain the allegations as to such damages.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.