REGINA BUCKNAM v. GREAT NORTHERN RAILWAY COMPANY.

May 23, 1899.

Nos. 11,639—(170).

Railway Station—Abusive Language to Plaintiff's Husband—Action Will not Lie.

Plaintiff went with her husband into the ladies' waiting room of defendant's railroad depot, waiting there for the arrival of her sister, coming on defendant's train, when an employee of defendant, in charge of said waiting room, and authorized to keep it quiet and orderly, supposing that plaintiff's husband, then with her, was not in fact her husband, ordered him to leave said room, and used harsh, violent, and abusive language towards him, made insulting and threatening demands of him; and thereupon plaintiff suffered a nervous shock, and became faint and sick, and so remained for several days. The language so used by defendant's employee was not addressed to plaintiff, nor was there any physical injury inflicted upon plaintiff's husband or herself, and at no time was she in peril or danger of personal injury by reason of the threats or acts of defendant's employee. Held, that for the language so used an action would not lie in behalf of the plaintiff as for a private wrong.

Action in the district court for Polk county to recover $500 damages. From an order, Watts, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

H. Steenerson and W. E. Rowe, for appellant.

If the negligence of a carrier places a passenger in a position of such imminent peril as to cause fright and the fright causes nervous convulsions and illness, the negligence is the proximate cause of the

injury, and the injury is one for which an action may be brought.
Purcell v. St. Paul City Ry. Co., 48 Minn. 134. In the case at bar
it is alleged that the unlawful, wrongful and negligent conduct of
the defendant, in the use of abusive, violent and insulting language
and threats, naturally tended to and did actually frighten plaintiff.
Under this allegation evidence may be introduced to show that the
conduct and acts of the defendant in plaintiff's presence were such
as would reasonably put a person in fear of immediate peril and
danger and consequent injury. Rolseth v. Smith, 38 Minn. 14;
Stendal v. Boyd, 67 Minn. 279. It is not incumbent upon plaintiff
to allege the particular words, threats or abuses which put her in
fear. It is enough to allege that these acts and conduct of the de-
fendant were wrongful and that they tended to produce the injuries
of which plaintiff complains. Johnson v. St. Paul & D. R. Co., 31
Minn. 283.

*Wm. R. Begg,* for respondent.

The complaint cannot be sustained as one for slander or for as-
sault. Cooley, Torts, 160. Words alone never constitute an as-
sault. Id. 29, 160, 161, and note; Flournoy v. State, 25 Tex. App.
244; State v. Mouney, 62 N. C. 434; Smith v. State, 39 Miss. 521;
Warren v. State, 33 Tex. 517; Reid v. State, 71 Ga. 865; Norris v.
Casel, 90 Ind. 143. If there was an assault it was upon plaintiff's
husband, for which she cannot recover. White v. Sander, 168
Mass. 296.

The allegations of the complaint that it was defendant's duty to
keep and maintain its depot in an orderly and proper manner is a
mere conclusion of law and is not admitted by the demurrer. Aron
v. City, 98 Wis. 592; Stedman v. City, 97 Wis. 505; State v. Ehrman-
traut, 63 Minn. 104; Heron v. St. Paul, M. & M. Ry. Co., 68 Minn.
542; Ritchie v. McMullen, 159 U. S. 235; Lumley v. Wabash Ry. Co.,
71 Fed. 21; Clark v. Hart, 98 Ky. 31. As plaintiff was not a pas-
senger, but a mere licensee, defendant did not owe her such duty.
Whitley v. Southern, 122 N. C. 987; Griswold v. Chicago, 64 Wis.
652; Georgia v. Richmond, 98 Ga. 495.

The defendant having no knowledge that plaintiff's husband was
in fact her husband, rightfully requested him to leave the room in

question, and the defendant cannot be held liable for the harsh and violent language used in making the request.   Louisville v. Ballard, 85 Ky. 307; White v. Sander, supra.   Especially as it is not alleged that such language was negligently used in the presence of plaintiff, or that such language was of a character to frighten or make ill an ordinary person.   Renner v. Canfield, 36 Minn. 90.   A railroad company is not bound to prevent the use of harsh and violent language, or language insulting to and abusive of another person, in the presence of female passengers.   Missouri v. Kendrick (Tex. Civ. App.) 32 S. W. 42.

Mere fright is not sufficient to give plaintiff a cause of action. It is only where the fright is accompanied by some actual injury to the person that damages may be recovered therefor.   Francis v. Western U. Tel. Co., 58 Minn. 252; Spade v. Lynn & B. R. Co., 168 Mass. 285; White v. Sander, supra; Ewing v. Pittsburgh, 147 Pa. St. 40; Wyman v. Leavitt, 71 Me. 227; Fox v. Borkey, 126 Pa. St. 164; Mitchell v. Rochester Ry. Co., 151 N. Y. 107; Western U. Tel. Co. v. Wood, 57 Fed. 471; Hailes v. Curator Texas & P. Ry. Co., 60 Fed. 557; Renner v. Canfield, supra; Channing v. Inhabitants, 1 Cush. 451; Joch v. Dankwardt, 85 Ill. 331; Indianapolis v. Stables, 62 Ill. 313.

BUCK, J.

This action comes to this court upon an appeal from an order sustaining defendant's demurrer to the complaint.   The plaintiff alleges in her complaint:   That at Crookston, on the evening of October 10, 1898, she, with her husband and their little child, went to the defendant's railroad station to meet the plaintiff's sister, whose arrival she then expected over one of defendant's roads.   At this station the plaintiff and her husband entered one of the defendant's waiting rooms, and while there quietly seated, and properly behaving themselves, the defendant, by and through its agents and servants in charge of said station and waiting rooms, supposing that plaintiff's husband was not in fact her husband, and within the line and scope of their powers and duties, wrongfully and unlawfully charged plaintiff's husband with not being the husband of this plaintiff, and then and there ordered plaintiff's said husband to

leave this plaintiff, and not to occupy the same room of said depot building with this plaintiff, and then used harsh, violent, and abusive language, and made threatening and insulting demands of and towards plaintiff's husband, in her presence, in demanding him to leave this plaintiff and said room, whereby she suffered a nervous shock, and became faint, sick, and helpless, which said illness continued for a period of one week, during which time the plaintiff's nervous system was violently agitated and deranged, whereby she suffered great pain and sickness. She further alleges in her complaint that she and her husband were rightfully in said depot building, and were properly conducting themselves, and that by reason of said wrongful acts of defendant she was damaged in the sum of $500.

Of course, the demurrer admits the material facts alleged in the complaint; but the question is, do all the facts stated constitute a cause of action? It is not claimed that the action is one in slander, and we need not discuss that view of the case. Nor does plaintiff allege the acts to have been an assault and battery. She merely alleges that the acts were wrongful and unlawful. It was not an attempt to commit assault and battery either upon her or her husband; for there was not the slightest effort to apply the least actual force to either, directly or indirectly. Nor does it appear that the servant was in close proximity to either husband or wife when he used the language alleged. And threats to commit an injury are not actionable private wrongs, nor do words constitute an assault. Cooley, Torts (2d Ed.) 29. But, if it were otherwise, the threats here alleged were not made against plaintiff, but her husband, and she would have no cause of action thereby.

The question raised is, does abusive, violent, and threatening language used to a licensee by the servant of the railroad company create a cause of action in behalf of the wife of such licensee, who merely hears such language, and thereby becomes nervous and sick? The language was not addressed to her. It was not alleged that she had induced the person supposed not to be her husband to come into, or remain in, the ladies' waiting room. She was not accused or charged with any wrongdoing, nor were any threats made against her personally. If the plaintiff sustained a nervous shock

and became sick by reason of the language used to her husband, she must have been peculiarly sensitive to such language; but, in the practical workings of everyday life, people have a right to assume that others are of ordinary physical and mental strength, and not specially nervous or emotional, and liable to be made sick by language not addressed to them, but to other persons.

Many vexatious, annoying, and humiliating things frequently occur in every community that are not actionable. Such things may affect those peculiarly sensitive, while to others they would seem only a matter of indifference. The latter, unaffected thereby, could not maintain an action for a personal wrong; and, if the former should be permitted to do so, we should have litigated a question of comparative nervousness and sensitiveness as an element of damages, and the courts burdened with vexatious litigation where there was neither slander, physical injury, negligence, nor intent to injure or frighten a third person, and where the defendant might be entirely unaware of the physical condition of the person so alleged to be injured. There may have been cases, in actions of tort, where substantial damages have been recovered for mental suffering,—as cases of assault without battery, false imprisonment where there was no physical contact, breach of promise of marriage, and seduction, where a parent brings the action; but, as was said in Larson v. Chase, 47 Minn. 307, at page 311:

"For the law to furnish redress, there must be an act which, under the circumstances, is wrongful; and it must take effect upon the person, the property, or some other legal interest of the party complaining. Neither one without the other is sufficient. This is but another way of saying that no action for damages will lie for an act which, though wrongful, infringed no legal right of the plaintiff, although it may have caused him mental suffering."

For the servant in this case to use abusive language to the husband of plaintiff was not any infraction of her legal right, and hence not a legal wrong to her.

Counsel, in his argument, does not make any point that the language used was actionable because it was used towards her husband as such, but assumes the broad ground that, where a railway company is charged with the duty of maintaining a quiet and or-

derly waiting room, it is actionable for one of its employees to use violent, abusive, and insulting language to a third person in the presence of a female occupant, when such language and threats naturally tend to, and actually do, frighten such occupant, from the effects of which she became ill. This assumes that the threats and abusive language used to other persons were the proximate cause of the sickness and mental suffering. Damages sustained by a wrongful act must be the natural result of that act; that is, it must be the proximate cause. Within these rules, the language of the defendant's servant to a third person was not the proximate cause of her sickness. She apprehended no danger to herself; at least, she could not reasonably do so. She was not in any place of peril. If an action of this kind can be maintained, we do not see why nervous and sensitive persons present at a riot or public disturbance cannot have a cause of action, if thereby they become nervous and sick, or suffer mentally, even if they do not receive bodily injury. It is evident from the plaintiff's complaint that her only injury proceeded from fright and nervous excitement and distress, and, as the injury was not the natural or proximate result of the act complained of, the order appealed from should be affirmed.

There is nothing in the case of Purcell v. St. Paul City Ry. Co., 48 Minn. 134, 50 N. W. 1034, cited by the appellant, which contravenes the views herein expressed. There the injured party, plaintiff, was a passenger on a street-railway car, and by its negligence the company placed plaintiff in a place of great peril, and fear of death or great bodily injury, causing such a shock that she was thrown into violent convulsions and subsequent illness. That case is not analogous to this.

Order affirmed.