# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## JULY TERM, 1868.

---

### WALTER T. HUNTER

#### vs.

### JOHN R. JONES.

The intention of *sections 22 and 23, chap.* 4, *art.* 3, of the *laws of* 1860, was to give the owner or occupant of improved land, over which a road was laid, time to remove and rebuild his fence, before opening the road, and leaving unprotected his crops and improvements.

When the land was uninclosed, or the owner or occupant voluntarily removed his fence, the law was inapplicable.

If a person owning the land when the road was laid out, voluntarily removed his fence, and opened the road, a subsequent owner of the same land, who moved the fence back, and obstructed the road, was not entitled to the benefit of that law, or to notice to remove his fence.

That statute did not require an order to open the road, unless the land over which it was laid was inclosed. and the owner or occupant neglected or refused to remove the fence.

Proceedings in a Court will not be reversed on account of the indefiniteness of a charge, unless the party complaining thereof points out the error, and asks to have it corrected.

This action was commenced before a Justice of the Peace in Dakota county ; was removed to the District Court for that county, where a trial was had, resulting in a verdict for the defendant ; and it comes here by an appeal taken by the plaintiff from an order of that Court denying a motion for a new trial. The case is so fully stated in the opinion of the Court, that further statement is unnecessary.

S. SMITH for Appellant.

CLAGGETT & CROSBY for Respondent.

*By the Court*—WILSON, Ch. J.—It is alleged as ground for a new trial, that the verdict is against the law and evidence, and that the Court erred in charging and in refusing to charge the jury. The cause of action alleged is a trespass on the plaintiff's land in May, 1866, and the defense is that the *locus in quo* was a legal highway, in opening which the acts charged as trespass were done. It seems that the land over which the road was laid was owned in 1862 by Charles Lewis, and that he conveyed it to the plaintiff, who conveyed it to one Colter, who owned it in 1864 and 1865, and afterward and before the alleged trespass reconveyed to the plaintiff. The supervisors laid out the road in 1862, while Lewis was the owner of the land. His damages in the premises were assessed at twenty-five dollars by the town supervisors, and on an appeal to the county commissioners were increased to fifty dollars, which sum he received. Colter, who testified on the

trial as a witness, said: "I once owned the land in question; I bought it of Walter T. Hunter; I got two crops off the place; it was in the year 1864 and 1865; at the time I bought the farm the east eighty was inclosed, and the west eighty was not; (the road was laid on the line between the two;) a portion of the road was in a cultivated field; in the spring of 1865 I moved the fence the whole line of the road." The statute in force in 1862 provided, that when a road was laid out through improved land, the supervisors should give the owner or occupant thereof twenty days' notice to remove the fence, before proceeding to remove it themselves, and that in case of an appeal from the supervisors to the county commissioners, the notice should be given after the filing of the decision on the appeal: from which the plaintiff argues, that this defense could not be established without proof of the time of filing such decision, and of a subsequent notice to remove the fence.

The intention of this stautory provision is easily apprehended; it is to give to the owner or occupant of improved land, over which a road is laid, ample time to remove and rebuild his fences before opening the road, or exposing or leaving unprotected his crops or improvements. It is a rule introduced in his favor, and which he may waive.

When the land is uninclosed the rule is inapplicable, and when the fence is voluntarily removed by the land owner, the reason for the rule and the rule itself cease. Whether this land was fenced when the road was laid, or whether the fence was subsequently removed by the owner of the land, are questions both of which we think the evidence left open before the jury, and therefore we can not say the verdict was against the evidence because notice to remove the fence was not proven. If the fence was voluntarily removed such notice was not necessary. If after the road had been opened by Col-

ter while he owned the land, the plaintiff removed the fence back, he is neither within the letter nor spirit of the law on whose provisions he relies for protection and aid.

The plaintiff requested the Court to charge the jury as follows:

"*First.* If the jury find that the premises in question were, at the time the order of the county commissioners on the appeal was filed in the town clerk's office, an inclosed, cultivated and improved field, the public acquired no right to travel or work upon it, until it was ordered open by the order of the supervisors; that ordering the same open is necessary before the public can use the land as a highway, and until the right to use the property is vested in the public, it cannot be taken; it remains private property.

"*Second.* That it is incumbent on the plaintiff to prove in order to justify his acts in committing the alleged trespass, that the decision of the county commissioners was filed in the office of the town clerk, before the time of the alleged trespass.

"*Third.* That there is no evidence as to when the decision of said county commissioners was filed."

The Court refused so to charge. In this there was no error. Our statute did not require an order to open the road, unless the owner or occupant neglected or refused to remove his fences. Such neglect or refusal we think was not conclusively proven, and the first instruction therefore was properly denied. The question involved in the second and third instructions we have before considered. The Court instructed the jury, that "if the plaintiff, after the road was established, fenced one half of the road not before fenced, he had no right so to do, and would only be entitled to damages for removing that portion that was fenced at the time of the filing of the decision of the county commissioners in the town

clerk's office." This instruction is alleged as error, but we have above stated our views to be in accordance with the law as thus given to the jury. If, as the appellant insists, the charge as given had a tendency to mislead the jury, he should have asked for more specific and definite instructions; not having done so, even if the charge was indefinite, he is not on that account entitled to a reversal of the proceedings.

There is nothing in the appellant's point, that the road was not opened and worked within three years after it was laid out. The evidence is to the contrary.

These are the only matters specifically pointed out as errors. Order affirmed.