ANSON L. KEYES *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

December 22, 1886.

Pleadings—Construction by Parties at Trial.—Where a case has been tried by the parties, and submitted to the jury by the court without objection, upon a certain construction of the pleadings, such construction will be conclusive on the parties.

Highway—Vacation by Town Supervisors.—Under the statute (Gen. St. 1878, c. 13, § 37) a public highway can be vacated only by an order *signed* by the town supervisors, and until signed it has no force or effect as an order.

Damages—Personal Injuries—Mental Anxiety—Harmless Error.—In an action for personal injuries, the mental anguish or suffering which can be proved is only such as is endured by the plaintiff as the direct consequence of the personal injury to himself. Anxiety of mind about the safety of others who may be in danger of injury from the same cause cannot be considered. But *held,* in this case, that the admission of such evidence was error without prejudice.

Same—Injury to Horses—Market Value—Loss of Use—Expenses of Treatment.—In an action for injuries to a span of horses which rendered

them unfit for use for a time, the owner may recover for the permanent diminution in the market value of the horses, and, in addition thereto, such expenses as he incurred in reasonable attempts to effect a cure, and also reasonable compensation for the loss of the use of the horses while under treatment, provided the whole damages do not exceed the original value of the property.

Appeal by defendant from an order of the district court for Rice county, *Buckham, J.*, presiding, refusing a new trial after a verdict of $250 for plaintiff.

*Baxter, Townley & Gale*, for appellant.

*A. D. Keyes*, for respondent.

MITCHELL, J. This was an action to recover damages for injuries sustained by plaintiff in his person and property, and caused by an obstruction (a barbed-wire fence) which it is alleged defendant unlawfully and negligently placed across a public road, and with which plaintiff collided while lawfully driving along such highway. It will be observed that the gist of plaintiff's cause of action against defendant is not *mere* negligence,—that is, negligently doing an otherwise lawful act,—but the doing of an act which it had no right to do at all, —viz., obstructing a public highway. This eliminates from the consideration of the case many of the questions sought to be raised by the assignments of error; for, if defendant unlawfully placed an obstruction upon a highway, and plaintiff, while travelling upon it, and in the exercise of ordinary care, collided with this obstruction, and was thereby damaged, clearly the defendant would be liable.

Defendant makes the point that there is no evidence that the building of this fence was the act of the railway company. We think this was admitted by the pleadings. The complaint alleges expressly that it was built by the defendant. The answer admits that it was built by defendant's "section foreman," and contains no allegation or suggestion that he had not authority, as its agent, to do so. On the contrary, the answer was evidently framed with the idea of admitting the building of the fence by defendant's agent, but justifying the act upon the ground that the highway had been vacated by the board of town supervisors, and another one laid out elsewhere as a substitute for it. The record shows that the case was tried throughout by both

parties, and submitted by the court to the jury, upon this theory, and without any question being made or raised as to the act of the section foreman not being the act of the railway company; and, if there was any doubt as to the construction of the answer, this consideration must solve the doubt against the defendant. Neither do we think it would be any great stretch for a court to take judicial notice of the fact, known, we apprehend, to every one acquainted with the management and operation of railways, that the business of inspecting and keeping in repair the fences along the railway is within the usual and ordinary duties of the section foreman. See *Brown* v. *Minn. & St. Louis Ry. Co.,* 31 Minn. 553, (18 N. W. Rep. 834.)

It was conceded that the *locus in quo* had been, up to within a very short time of this accident, and for 20 years preceding, a public highway, travelled and used as such, and was still a public highway unless vacated by the supervisors of the town. Under the statute this could only be done by an order signed by them. Gen. St. 1878, c. 13, § 37. It would be immaterial what proceedings might have been had with reference to vacating this highway, or even what conclusion the supervisors personally might have arrived at in their own minds, unless they had made an order. It is this order which is the efficient thing in either laying out or vacating a highway, and until such order is made no road is laid out or vacated, and there can be no order until it is signed by the supervisors. Without their signature the document is no more than blank paper. The order must be complete and sufficient on its face, and its defects cannot be helped out or supplied by parol.

In the case at bar the evidence shows conclusively that the supervisors never in fact signed any order. A mere reference by them, by way of recital in the award of damages, to another paper, which they never signed, as a "supervisors' order made by us," is not enough. It follows that, this highway not having been vacated, the act of defendant in building this fence was an unlawful obstruction.

We do not think that there was any evidence of contributory negligence on part of plaintiff to go to the jury; but, even if there was, the verdict is conclusive on that question. That this obstruction in

the highway caused the injury complained of is undisputed.    It follows that plaintiff was entitled to a verdict.

2. It appeared from the evidence that, at the time the accident occurred, the plaintiff, with his wife and daughter, was driving along this highway after dark, when his horses suddenly came in contact with this fence.    When a witness in his own behalf, plaintiff was permitted, without objection, to describe with minuteness the whole occurrence,—the horses suddenly halting, his getting out of the carriage to ascertain what was the cause, his finding the team entangled in the wire, his efforts to release them, his becoming himself entangled in the barbed wire, the plunging and rearing of the horses, his directions to his wife to jump out of the carriage as quickly as possible, and her doing so, etc.    After going through this detailed description of the whole affair, his counsel, against the objection and exception of defendant, asked him whether, while he was there in the wires, he suffered any mental anxiety for his family, to which he replied that his greatest anxiety was not so much for himself as for the safety of his wife and daughter, who were in the carriage.    The admission of this evidence is assigned as error.

The mental distress and anxiety which may be proved in actions for personal injuries is confined to such as is connected with the bodily injury, and is fairly and reasonably the plain consequence of such injury.    The mental anguish, like physical pain, to be taken into consideration in such cases, is confined to such as is endured by the plaintiff in consequence of a personal injury to himself.    2 Thomp. Neg. 1258, notes 4, 5; 1 Sedg. Dam. (7th Ed.) 47, note *a;* 2 Sedg. Dam. 543.    We cannot see how plaintiff's anxiety respecting the safety of his wife and daughter was admissible under this rule. But it seems to us quite clear that, under the circumstances, the defendant could not have been prejudiced by the answer to this question.    It contained nothing that would not have been, at most, self-evident to the jury from the situation of affairs.    The matter was never afterwards referred to on the trial, except in defendant's cross-examination of the plaintiff, in which he stated that this anxiety was very brief, and passed off immediately when he knew his

wife and daughter were out of the carriage. While we fully appreciate the danger of assuming that the admission of incompetent evidence is not prejudicial, yet in this case it is hardly conceivable that the mere statement that plaintiff felt this anxiety for the safety of his wife and daughter could have had any appreciable influence upon the jury. Under the evidence the plaintiff was almost entitled to a verdict as a matter of law. Exemplary damages were expressly excluded by the court, and the amount of the verdict is clearly within the actual money damages proved by the plaintiff. We think the admission of this evidence was error without prejudice.

3. It appeared that the horses driven by plaintiff on this occasion were severely injured, and required medical care and attention for a time, during which they were incapable of being used. The defendant assigns as error the admission of evidence as to the value of the use of the horses of which the owner was deprived during the time they were under treatment. Compensation is what the law aims to give in such cases. This is the value of the property if destroyed, and the actual and direct injury in other cases. 2 Sedg. Dam. (7th Ed.) 487. In case of the wrongful detention of personal property this court holds that the owner may recover the value of the use of the property during the time of its unlawful detention. *Sherman* v. *Clark,* 24 Minn. 37; *Ferguson* v. *Hogan,* 25 Minn. 135. There is no distinction in principle between such a case and one where the owner is deprived of the use of the property by reason of an injury to it. In each case the loss of the use is equally the direct result of the tort, and, with few exceptions, all the authorities so hold.

In a case like the present the owner is entitled to recover for the diminished market value of the animals after cure, so far as a cure was effected, and, in addition thereto, such expenses as he incurred in reasonable attempts to effect a cure, and a reasonable sum or compensation for the loss of the use of the horses while under treatment, provided the whole damages do not exceed the original value of the property. *Graves* v. *Moses,* 13 Minn. 307, 335; 2 Thomp. Neg. 1261; *Gillett* v. *Western R. Co.,* 8 Allen, 560; *Wheeler* v. *Townshend,* 42 Vt. 15; *Streett* v. *Laumier,* 34 Mo. 469; *Johnson* v. *Holyoke,* 105

Mass. 80; *Oleson* v. *Brown*, 41 Wis. 413; *Shelbyville, etc., R. Co.* v. *Lewark*, 4 Ind. 471; *New Haven Steamboat Co.* v. *Vanderbilt*, 16 Conn. 420; *Williamson* v. *Barrett*, 13 How. 101.

The foregoing covers and disposes of all the assignments of error urged upon the argument, and the result is that the order denying a new trial is affirmed.