ANNIE PURCELL *vs.* ST. PAUL CITY RY. CO.

Argued Nov. 30, 1891. Decided Jan. 18, 1892.

Proximate Cause—Carrier's Negligence Causing Fright and Convulsions.—If the negligence of a carrier place a passenger in a position of such apparent imminent peril as to cause fright, and the fright causes nervous convulsions and illness, the negligence is the proximate cause of the injury, and the injury is one for which an action may be brought.

Sick and Infirm Passenger—Measure of Damages.—A passenger injured by negligence of the carrier is entitled to recover to the full extent of the injury so caused, without regard to whether, owing to his previous condition of health, he is more or less liable to injury.

Appeal by defendant from an order of the district court, Ramsey County, *Otis, J.,* made May 18, 1891, overruling a demurrer to the complaint.

The complaint states, among other things, that the St. Paul City Railway Company is a corporation, and on December 1, 1890, owned and operated a horse car railway along Jackson street, and a cable line along Seventh street; that the two lines cross each other at right angles at the intersection of those streets; that plaintiff was on that day a passenger on the Jackson street line, and pregnant, but in good

health, and of ordinary strength of body and mind; that, by reason of the fright and injury mentioned in the opinion, she had a miscarriage, and was confined in bed for three months, and suffered permanent injury and impairment. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Henry J. Horn*, for appellant.

In this case the plaintiff attempts to hold the defendant liable for the mere apprehension of a collision or accident which never took place, and therefore could not have caused any injury to her. One might as well claim damages for fright occasioned by a sensational theatrical performance. It would be as dangerous as it is impracticable to hold a defendant liable in such cases, and it is believed that no well-considered case can be found to sustain the theory of the plaintiff. *Johnson* v. *Wells, Fargo & Co.*, 6 Nev. 234, (3d Amer. Rep. 245;) *Phillips* v. *Dickerson*, 85 Ill. 11; *Canning* v. *Inhabitants of Williamstown*, 1 Cush. 451; *Lehman* v. *Brooklyn City R. Co.*, 47 Hun, 355; *Wulstein* v. *Mohlman*, 5 N. Y. Supp. 569; *Flemington* v. *Smithers*, 2 Carr. & P. 292; *Victorian Ry. Com'rs* v. *Coultas*, 13 App. Cas. 222; *Renner* v. *Canfield*, 36 Minn. 90; *Keyes* v. *Minneapolis & St. L. Ry. Co.*, Id. 290; 3 Suth. Dam. 259, 260, note 5; 2 Greenl. Ev. § 267; Cooley, Torts, (2d Ed.) p. 29.

*Johnson W. Straight* and *Leonard A. Straight*, for respondent.

The negligence of the defendant, and the physical injury to the plaintiff resulting therefrom, being admitted by the demurrer, the sole question presented by this record is, was the injury to the plaintiff the natural, direct, and proximate result of the negligence of the defendant? An efficient adequate cause being found, it must be considered the true cause, unless some other cause not incident thereto, but independent of it, is shown to have intervened between it and the result; that is to say, the efficient adequate cause being found to be the negligence of the defendant, the result must in all cases be held to be proximate, unless some other cause outside and independent of it, sufficient of itself to stand as the moving cause, has intervened. Then, and in that case, it is pertinent to inquire whether or not the original cause operated to set in motion the new cause, and, if so,

the original cause must still be held to be the proximate cause. *Milwaukee & St. P. Ry. Co.* v. *Kellogg*, 94 U. S. 469, 475.

The defendant insists that its negligence produced only fright and mental injury, and that no recovery can be had therefor; that the bodily injury was the result of the fright, and, although the negligence of the defendant company was the proximate cause of the fright and nervous shock, yet it was only the remote cause of the bodily injury. But the new cause or force, if any, was set in motion by the first original cause,—the negligent act of the company; and therefore the bodily injury complained of comes equally within the rule and the authorities, whether the effect was produced directly upon the body of plaintiff, or through the medium of the mind and nervous system. In either case, the negligent acts of defendant were the proximate cause of the effect produced. In the case of *Montoya* v. *London Assurance Co.*, 6 Exch. 451, the defendant had insured the plaintiff's tobacco against perils of the sea. Hides were shipped in the same vessel. The vessel shipped sea water, which, coming in contact with the hides, caused them to ferment. The fermentation created a noxious vapor, which acted upon the tobacco and spoiled its flavor. Suit was brought against the company, and the defense was the same as relied upon in this case. The court held the defendant responsible, and said: "The sea water having caused the hides to ferment, and thereby the tobacco to be spoiled, it is merely playing with terms to say the injury is not occasioned by the sea water. The action of the sea water which had been shipped in consequence of bad weather occasioned the fermentation, and is the proximate cause."

By what course of metaphysical reasoning, or of logic, can it be said that she could recover if she had jumped from the car and broken a limb, but not in the case at bar? It would certainly be a distinction without a difference. *Smith* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 169; *Pennsylvania R. Co.* v. *Aspell*, 23 Pa. St. 147; *Bovee* v. *Danville*, 53 Vt. 183; *Oliver* v. *Town of La Valle*, 36 Wis. 592; *Brown* v. *Chicago, M. & St. P. R. Co.*, 54 Wis. 342, 351; *Seger* v. *Town of Barkhamsted*, 22 Conn. 290; *Ford* v. *Monroe*, 20 Wend. 210; *McKinley* v. *Chicago & N. W. Ry. Co.*, 44 Iowa, 322; *Williams* v.

*Vanderbilt*, 28 N. Y. 217; *Sneesby* v. *Lancashire & Y. R. Co.*, 1 Q. B. Div. 42; *Lund* v. *Tyngsboro*, 11 Cush. 563; *Fent* v. *Toledo, P. & W. Ry. Co.*, 59 Ill. 349.

GILFILLAN, C. J.   Appeal from an order overruling a general demurrer to the complaint.   From the complaint it appears that the plaintiff was a passenger on one of defendant's cars running upon its line on Jackson street, St. Paul; that, when the car reached the intersection of that line with the defendant's cable-car line running on East Seventh street, the persons in charge of it negligently attempted to cross, and did cross, the cable line in front of a then near and rapidly approaching cable train thereon; that a collision seemed so imminent, and was so nearly caused, that the incident and attending confusion of ringing alarm bells and passengers rushing out of the car caused to plaintiff sudden fright and reasonable fear of immediate death or great bodily injury, and that the shock thus caused threw her into violent convulsions, and caused to her, she being then pregnant, a miscarriage, and subsequent illness.   The complaint shows a duty on the part of the defendant to exercise the highest degree of care to carry the plaintiff safely.   It also shows negligence in respect to that duty, and, if the negligence caused what the law regards as actionable injury, the action is well brought.   Of course, negligence without injury gives no right of action.   On the argument there was much discussion of the question whether fright and mental distress alone constitute such injury that the law will allow a recovery for it.   The question is not involved in the case. So it may be conceded that any effect of a wrongful act or neglect on the mind alone will not furnish ground of action.   Here is a physical injury, as serious, certainly, as would be the breaking of an arm or a leg.   Does the complaint show that defendant's negligence was the proximate cause of that injury?   If so, the action will, of course, lie.   What is in law a proximate cause is well expressed in the definition, often quoted with approval, given in *Milwaukee & St. P. Ry. Co.* v. *Kellogg*, 94 U. S. 469, as follows: "The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being

the proximate cause of the movement; or, as in the oft-cited case of the squib thrown in the market place. *Scott* v. *Shepherd*, 2 W. Bl. 892. The question always is, was there an unbroken connection between the wrongful act and the injury,—a continuous operation? Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?"

There may be a succession of intermediate causes, each produced by the one preceding, and producing the one following it. It must appear that the injury was the natural consequence of the wrongful act or omission. The new, independent, intervening cause must be one not produced by the wrongful act or omission, but independent of it, and adequate to bring about the injurious result. Whether the natural connection of events was maintained, or was broken by such new, independent cause, is generally a question for the jury. In this case the only cause that can be suggested as intervening between the negligence and the injury is plaintiff's condition of mind, to wit, her fright. Could that be a natural, adequate cause of the nervous convulsions? The mind and body operate reciprocally on each other. Physical injury or illness sometimes causes mental disease. A mental shock or disturbance sometimes causes injury or illness of body, especially of the nervous system. Now, if the fright was the natural consequence of—was brought about, caused by—the circumstances of peril and alarm in which defendant's negligence placed plaintiff, and the fright caused the nervous shock and convulsions and consequent illness, the negligence was the proximate cause of those injuries. That a mental condition or operation on the part of the one injured comes between the negligence and injury does not necessarily break the required sequence of intermediate causes. If a passenger be placed, by the carrier's negligence, in apparent, imminent peril, and, obeying the natural instinct of self-preservation, endeavor to escape it by leaping from the car or coach, and in doing so is injured, he may, if there be no contributory negligence on his part, recover for the injury, although, had he remained in the car or coach, he would not have been injured. The endeavor to escape is not of itself contributory negligence. *Wilson* v. *Northern Pac. R. Co.*, 26 Minn. 278,

(3 N. W. Rep. 333.)   In such case, though there comes, as an intermediate cause between the negligence and injury, a condition or operation of mind on the part of the injured passenger, the negligence is nevertheless the proximate cause of the injury.   The defendant suggests that plaintiff's pregnancy rendered her more susceptible to groundless alarm, and accounts more naturally and fairly than defendant's negligence for the injurious consequences.   Certainly a woman in her condition has as good a right to be carried as any one, and is entitled to at least as high a degree of care on the part of the carrier. It may be that, where a passenger, without the knowledge of the carrier, is sick, feeble, or disabled, the latter does not owe to him a higher degree of care than he owes to passengers generally, and that the carrier would not be liable to him for an injury caused by an act or omission not negligent as to an ordinary passenger.   But when the act or omission is negligence as to any and all passengers, well or ill, any one injured by the negligence must be entitled to recover to the full extent of the injury so caused, without regard to whether, owing to his previous condition of health, he is more or less liable to injury.   If the recovery of a passenger in feeble health were to be limited to what he would have been entitled to had he been sound, then, in case of a destruction by fire or wrecking of a railroad car through the negligence of those in charge of it, if all the passengers but one were able to leave it in time to escape injury, and that one could not because sick or lame, he could not recover at all.   The suggestion mentioned would, if carried to its logical consequences, lead to such a conclusion.

Order affirmed.

(Opinion published 50 N. W. Rep. 1034.)