CAROLINE SANDERSON v. NORTHERN PACIFIC RAILWAY
COMPANY.
A. W. SANDERSON v. SAME.[1]

December 26, 1902.

Nos. 13,307—(148).

**Appealable Order.**

No appeal lies from an order granting a motion for judgment notwithstanding the verdict.

**Damages for Fright.**

There can be no recovery for fright which results in physical injuries, in the absence of contemporaneous injury to the plaintiff, unless the fright is the proximate result of a legal wrong against the plaintiff by the defendant.

[1] Reported in 92 N. W. 542.

Separate actions in the district court for Ramsey county, the first, by Caroline Sanderson to recover $2,000 for personal injuries; the second, by A. W. Sanderson to recover $2,040 for injuries resulting from the sickness and suffering of his wife, plaintiff in the first case, and for breach of contract for the transportation of himself and family. The causes of action in both cases arose from the alleged wrongful act of defendant's train conductor in forcibly ejecting or attempting to eject plaintiffs' two minor children from defendant's railway train and in compelling plaintiff A. W. Sanderson to purchase tickets for their transportation. The cases were tried together before Otis, J., and a jury. In the case of Caroline Sanderson the court directed a verdict for defendant. In the case of A. W. Sanderson a verdict was rendered in favor of plaintiff for $42. From an order granting a motion for judgment notwithstanding the verdict in the case of A. W. Sanderson, and from an order denying a motion for a new trial in the case of Caroline Sanderson, plaintiffs appealed. Appeal of A. W. Sanderson dismissed. In appeal of Caroline Sanderson, order affirmed.

*Charles Butts*, for appellants.

*C. W. Bunn* and *L. T. Chamberlain*, for respondent.

START, C. J.

The plaintiff A. W. Sanderson on May 7, 1900, with his wife, Caroline Sanderson, and their four children, aged respectively four, six, eight, and twelve years, boarded one of the passenger trains of the Omaha Railway at Rice Lake, in the state of Wisconsin, for the purpose of going to St. Paul, and thence over the Northern Pacific Railway to Cedro, in the state of Washington. The father and mother each had a full through ticket, and the child twelve years of age, a boy, had a through half-fare ticket. The tickets were purchased of the station agent at Rice Lake. The party transferred to the defendant's passenger train at St. Paul. Before the train reached Minneapolis, the conductor took up the tickets of the plaintiff and his wife, and the half-fare ticket of the boy, and demanded half-fare tickets for the other two children who were over five years old, or the payment of $40, the price

thereof. The father declined to pay any fare for the two children, for the reason, as he stated to the conductor, that he had an agreement with the agent when he purchased the tickets that the price paid therefor should entitle him and his family to be carried to their destination. The conductor upon such refusal caused the child eight years old, a boy, to be put off the car at Minneapolis, but he immediately returned into the car. The conductor attempted to get hold of the six year old child, a girl, to put her off, who was in a seat with her mother. In such attempt it is alleged that the conductor assaulted the mother, and that she was frightened by what took place in the attempt to remove the children from the car, whereby her health was seriously impaired. The father paid the $40 demanded, to avoid further trouble, and the party were carried to their destination. The conductor did not tender back any of the tickets which he had taken up.

The father and mother each brought an action in the district court of Ramsey county against the defendant for damages which each claimed to have sustained by reason of the premises. The action of A. W. Sanderson was brought for the recovery of damages in the sum of $2,040, which he alleged he sustained on account of the $40 paid, and the loss of the services and society of his wife, and for medical treatment for her, all of which were due to the injuries she received by reason of the wrongful act of the conductor. The action of Caroline Sanderson, the wife, was brought to recover damages in the sum of $2,000 on account of personal injuries sustained by the alleged assault made upon her by the conductor, and by reason of fright and shock due to the attempt to separate her children from her. The parties stipulated to try the cases at the same time and upon the same evidence, and that one record should cover both cases, but each should be separately submitted to the jury.

The trial court at the close of the evidence directed a verdict for the defendant in the case of Caroline Sanderson, and she appealed to this court from an order denying her motion for a new trial. The case of A. W. Sanderson was submitted to the jury, and a verdict was returned in his favor for $42; being the sum paid to the conductor, and interest. Thereupon the defendant made a

motion for judgment in its favor notwithstanding the verdict, and the court made its order granting the motion, from which the plaintiff appealed. The plaintiff made a separate motion for a new trial, but the record discloses no order disposing of it, and the only appeal on his part is from the order granting the defendant's motion for judgment.

1. An order granting or denying a motion for judgment is not appealable, for such an order is simply one for a judgment, or one refusing it. McMahon v. Davidson, 12 Minn. 232 (357); Rogers v. Holyoke, 14 Minn. 387 (514); St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; Oelschlegel v. Chicago Great Western Ry. Co., 71 Minn. 50, 73 N. W. 631; Kalz v. Winona & St. Peter Ry. Co., 76 Minn. 351, 79 N. W. 310. Therefore the appeal in the case of A. W. Sanderson must be, and is, dismissed.

2. The question to be determined on the appeal of Mrs. Sanderson, hereafter designated as the plaintiff, is whether the evidence tends to show any legal basis for the recovery of damages by her. The evidence relevant to her case tends to show that her husband was on the train with and in charge of his family, and that he made the arrangements for their transportation, and that the station agent of whom he bought the tickets agreed that the sum paid to him therefor should be in full for the transportation of the entire family to their proposed destination, and, further, that the rules and rates of the defendant required that each of the children over five and under twelve years should be provided with half-fare tickets; that when the conductor caused the boy to be removed from the train, and attempted to eject the girl because the father refused to pay their fare, the plaintiff was greatly frightened by what occurred, and as a result of such fright she was made ill, and her health permanently impaired. The evidence, however, failed to show that any assault was committed upon her by the conductor, or anything done by him to cause her to apprehend any violence or injury to herself. She testified that her injury resulted wholly from fright, and that the conductor did not touch her, any more than to crowd in by her; that is crowd her in trying to get past her to where the girl was. It may be assumed

for the purpose of this decision, only, that his act was wrongful as to the children.

The plaintiff's case is, then, one where it is sought to recover damages for personal injuries due solely to fright and grief because an attempt was made to put her children off the car, and one where there was no tort against her, and no fear on her part of any physical injury or personal violence. The great weight of authority sustains the doctrine that there can be no recovery for fright which causes injury without impact; that is, in the absence of any contemporaneous physical injury to the plaintiff. Notes to Gulf v. Hayter (93 Tex. 239) 77 Am. St. Rep. 862. This rule, as thus broadly stated, has not been accepted by this court; but, with the modification hereafter stated, it is the law of this state. In the case of Renner v. Canfield, 36 Minn. 90, 30 N. W. 435, the defendant shot a dog in the highway; and the plaintiff, a woman, standing near, whom the defendant did not see at the time he fired, was so seriously frightened by the report of the gun that she had a miscarriage, as the result thereof. It was held in that case that the plaintiff could not recover, for the reason that the fright was not the result of any legal wrong to her.

It was held in the case of Keyes v. Minneapolis & St. L. Ry. Co., 36 Minn. 290, 30 N. W. 888, that the mental distress and anxiety which may be proven in actions, for personal injuries must be confined to such as are connected with bodily injury; that fear and anxiety for the safety of others cannot be made the basis for the recovery of damages.

In the case of Larson v. Chase, 47 Minn. 307, 50 N. W. 238, it was stated as a rule that no action for damages will lie for an act which, though wrongful, infringed no legal right of the plaintiff, although it may have caused him mental suffering. The case of Purcell v. St. Paul City Ry. Co., 48 Minn. 134, 50 N. W. 1034, was one where a pregnant woman was a passenger on one of the defendant's cars, and by its negligence in the management of its cars at a street crossing a collision seemed inevitable, and she was placed in a position of such apparent imminent peril as to cause fright, which caused a miscarriage; and it was held, though there was in fact no collision and no impact, that the defendant's

negligence was the proximate cause of the plaintiff's injury, and that she was entitled to recover for the consequences of her fright. It is to be noted in this case that the defendant's negligence which caused the fright was a legal wrong to the plaintiff as well as to all of her fellow passengers. In other words, the act of the defendant which caused the plaintiff's fright was a tort against her.

In the case of Bucknam v. Great Northern Ry. Co., 76 Minn. 373, 79 N. W. 98, the plaintiff, a married woman, entered with her husband the ladies' waiting room in the defendant's depot; and the station agent unlawfully and untruthfully charged her companion with not being her husband, and used violent, offensive, threatening, and abusive language to him, and ordered him to leave the room, whereby she suffered a nervous shock which resulted in serious physical injuries. It was held that these facts afforded no legal basis for the recovery of damages by her, for the reason that the use of abusive language to her husband was not an infraction of her legal right, hence not a legal wrong to her, and for the further reason, as stated by BUCK, J. (page 378), that: "She apprehended no danger to herself. At least, she could not reasonably do so. She was not in any place of peril. If an action of this kind can be maintained, we do not see why nervous and sensitive persons present at a riot or public disturbance cannot have a cause of action, if thereby they become nervous and sick, or suffer mentally, even if they do not receive bodily injury."

The Purcell case has been criticised by some eminent courts, and approved by others, but it would seem that the trend of the more recent cases is to approve it. See 15 Harvard Law Rev. 304; 41 Am. Law Reg. 141. However this may be, it is the law of this state, and we are not disposed to question it, much less to over-rule it. It is in entire harmony with the other decisions of this court which we have cited, for it is distinguishable from them by the fact that the fright of the plaintiff was due to a legal wrong of the defendant against the plaintiff, which was not the fact in the other cases. The question whether fright alone would constitute such injury that the law will allow a recovery for it was not involved in that case.

From the consideration of the decisions of this court cited, we hold that there can be no recovery for fright which results in physical injuries, in the absence of contemporaneous injury to the plaintiff, unless the fright is the proximate result of a legal wrong against the plaintiff by the defendant. As already stated, the plaintiff's case is not within the exception, and it follows that the trial court rightly directed a verdict for the defendant.

Order affirmed.