### CAROLINE LESCH v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 20, 1906.

Nos. 14,667—(44).

**Possession of Homestead.**

A wife has an interest in the homestead of herself and husband, although the legal title thereto is in him, and she is entitled to the peaceful and quiet enjoyment thereof. Any unlawful invasion of such right is a legal wrong against her.

**Question for Jury.**

In an action to recover damages sustained by the plaintiff by reason of fright caused by the wrongful acts of the defendant's employees, it is *held* that the evidence justified the submission of the cause to the jury, and that it sustains the verdict in favor of the plaintiff.

Action in the district court for Ramsey county to recover $2,600 for personal injuries sustained by plaintiff as the result of fright caused by the acts of two of defendant's servants while trespassing upon the premises occupied as a homestead by plaintiff and her husband. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of plaintiff for $80. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. L. Countryman* and *R. A. Hastings,* for appellant.
*Warren H. Mead,* for respondent.

[1]Reported in 106 N. W. 955.

START, C. J.

This is an appeal from a judgment in favor of the plaintiff entered upon a verdict for $80 in a personal injury action. This is the second appeal in the case. See 93 Minn. 435, 101 N. W. 965. The sole question presented by the record is whether the defendant was entitled to a directed verdict in accordance with defendant's motion made at the close of all the evidence. The case is here upon a bill of exceptions, which the trial judge certifies contains all of the evidence pertinent or material to the questions raised by the defendant's motion for a directed verdict. Counsel for plaintiff makes the objection that the bill of exceptions does not contain all of the evidence relevant to issues made by the pleadings and submitted to the jury, hence the action of the trial court in denying the defendant's motion cannot be here reviewed. We must accept the certificate of the trial judge as correct; there being nothing properly in the record to impeach it. State v. Ronk, 91 Minn. 419, 98 N. W. 334.

If the record discloses any evidence, taking the most favorable view of it for the plaintiff, sufficient to sustain a verdict for her, the defendant's motion for a directed verdict was properly denied; but, if it does not, the defendant is entitled to judgment notwithstanding the verdict. The alleged wrongful acts on the part of the defendant were committed by two of its employees. No claim is here made by the defendant that there was no evidence to sustain a finding by the jury that such alleged acts were within the scope of the employment of the defendant's employees and in furtherance of its business. This question was settled adversely to the defendant on the first appeal.

The evidence on behalf of the plaintiff was sufficient, the jury having found it credible, to establish these facts: On July 21, 1903, plaintiff was living with her husband and family at 113 Acker street, St. Paul, Minnesota, the premises consisting of a three-room house and one lot, the property and homestead of her husband, Lawrence Lesch. About 9:30 a. m. of that day she was alone in the house, the same being her home, and hearing her dog bark she went into the yard and saw two men on the outside of the fence looking at some second hand or worn out railroad ties which were piled near the fence. These men were the defendant's employees, Charles J. McKenna and Louis Fanger.

Some conversation then ensued between her and them upon the subject of railroad ties. McKenna asked plaintiff if the dog would bite, and she replied: "Sure, he will bite." Without asking her permission and without invitation, the men then opened the gate and entered the yard of the Lesch premises, where they remained about half an hour, most of the time engaged in examining and making a written list of a lot of tools which they found in a yard and in a small shed. They put the tools in a pile in the yard near the house, and left them in that position. While they were so engaged she remained in the yard near them and observed what they were doing. She did not at that time know their names, nor that they were defendant's employees, nor did they explain the object of their investigations. They were strangers to her, and she had never seen them before. After examining and listing the tools, the two men, without invitation and without asking plaintiff's permission, opened the door of the Lesch dwelling-house and entered it; plaintiff following as far as the open door, where she stood and watched them as they went from one room to another. In one room they opened a trunk containing family wearing apparel and underclothing, and threw the contents onto the floor, apparently searching for something. They then went into another room and in a like manner searched another trunk and threw the contents, clothing, etc., onto the floor. They also emptied two hat boxes of their contents, which included a sum of money, $325, also disturbed the contents of a clothes basket in one of the rooms. During these proceedings she was watching them. They did not put anything into their pockets, or attempt to carry anything away. While they were in the house she called a neighbor's little girl, about six years old, who came and stood near her, by the door, looking at the men. They went away. She asked them who they were, and if they had a warrant. They told her they had none, but did not tell their names. Neither of the men made any threats against her. Nor did they offer any violence to her person, nor use any violent or improper language to her at any time, and there was no testimony indicating that either of the men had any purpose or intention of injuring or interfering with the plaintiff's person in any manner. She was frightened by their acts, and immediately after they left she became sick, feverish, her head ached, she

trembled, and had spells of vomiting. She was obliged to go to bed, and was confined to her bed most of the time for about two weeks, and was not well for a considerable time afterwards. The evidence on the part of the defendant tended to contradict, in many important particulars, the plaintiff's version of what happened on the occasion referred to by her.

1. The defendant's first contention is to the effect that it conclusively appears from the evidence that the plaintiff's alleged fright was not the result of any legal wrong against her; hence she cannot recover any damages resulting therefrom. It is the law of this state that there can be no recovery for fright which results in physical injuries, in the absence of contemporaneous injury to the plaintiff, unless the fright is the proximate result of a legal wrong against the plaintiff by the defendant. Purcell v. St. Paul City Ry. Co., 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203; Sanderson v. Northern Pacific Ry. Co., 88 Minn. 162, 92 N. W. 542, 60 L. R. A. 403, 97 Am. St. Rep. 509. While the legal title to the plaintiff's home was in her husband, she had an interest therein. It was her homestead, and she had an interest therein and the same right to its peaceful and quiet enjoyment as her husband had. Any unlawful or wanton invasion of, or interference with, such right would be a legal wrong against her within the meaning of the rule, which is to be liberally construed and applied in cases where the defendant's acts are wanton and ruthless. The evidence tends to show that the defendant's employees not only thus invaded the plaintiff's right to the peaceful enjoyment of her home, of which she was, for the time, the sole occupant, but that they unlawfully interfered with her personal wearing apparel, which, the jury might well have inferred, was included in the family wearing apparel. We hold that the evidence was sufficient to sustain a finding by the jury that the defendant's employees committed a tort against the plaintiff. Watson v. Dilts, 116 Iowa, 249, 89 N. W. 1068, 57 L. R. A. 559, 93 Am. St. Rep. 239.

2. The defendant's last contention is that the plaintiff's fright and resulting illness were not the proximate result of the acts of the defendant's employees complained of. We are of the opinion that the evidence is sufficient to sustain the finding of the jury in favor of the plaintiff on this question. It is a matter of common knowledge that

fright may, and often does, affect the nervous system to such an extent as to cause physical pain and serious bodily injury. The acts complained of in this case were, if committed, an outrageous invasion of the sanctity of the home and the constitutional rights of the citizen, well calculated to frighten the wife and mother left alone in charge of her home. Whether she was frightened by such acts, and whether her illness, which immediately followed, was the proximate result of such acts, were questions of fact for the jury. The trial court did not err in denying the defendant's motion to direct a verdict in its favor.

Judgment affirmed.

JAGGARD, J. (dissenting.)

I dissent. The plaintiff in this case had a cause of action against the defendant. It has been previously held that the defendant was responsible for the acts of its servants in making a search without a warrant. Their interference with the personal property, which the jury would have been justified in finding in part belonged to the plaintiff, constituted a trespass to personal property which properly might have been made the basis of recovery. Even if it be conceded that the wife has such an interest in the homestead, the title to which is in her husband's name, as to enable her to recover for an unlawful invasion of her right, I am unable to see how in this case the plaintiff could recover damages sustained by her by reason of fright. If this be conceded, then the plaintiff's causes of action were two, namely: (1) For trespass to her personal property; (2) to real estate in which she had an interest. There was no injury to her person. Trespass vi et armis would not have lain. The trial court certifies, and the record shows, that

> Plaintiff testified that neither of the men made any threats against her. They did not offer any violence to her person, nor use any violent or improper language to her at any time. There was no testimony indicating that either of the men had any purpose or intention of injuring or interfering with the plaintiff's person in any manner. The substance of all the evidence of the plaintiff was that the men were engaged in examining and searching for ties and tools outside the house, and in searching trunks, etc., as above stated, inside the house.

The law provides full remedy to the individual whose property, real or personal, has been trespassed upon. Such person may, under appropriate circumstances, recover general or special damages, direct or consequential damages; circumstances of insult, humiliation, or outrage may be shown in evidence to aggravate damage, and in appropriate cases vindictive damages will be awarded. "The jury is not bound to weigh in gold scales how much injury a party has sustained by trespass." Davenport v. Russell, 5 Day (Conn.) 145; McAfee v. Crofford, 54 U. S. 447, 14 L. Ed. 217; Stevens v. Stevens, 96 Ga. 374, 23 S. E. 312; Jefcoat v. Knotts, 13 Rich. Law, 50. The cases of aggravated damages will be found collected in volume 46, col. 484, § 143, Cent. Dig. Cases of exemplary damages will be found collected in the same volume, cols. 488, 492, § 144.

The recovery, however, does not extend to remote damages. Berry v. San Francisco, 50 Cal. 435; Butler v. Collins, 12 Cal. 457. It is said, in the majority opinion in this case, to be "the law of this state that there can be no recovery for fright which results in physical injuries, in the absence of contemporaneous injury to the plaintiff, unless the fright is the proximate result of a legal wrong against the plaintiff by the defendant." This rule is too broadly stated, if it means that, when damages caused by fright are the result of any or every legal wrong to plaintiff, or are the result of a legal wrong to plaintiff's property only as distinguished from his person, they are recoverable. It is well settled generally (Victorian v. Coultas, 13 App. Cas. 222), and in this state, that there can be no recovery for fright which causes injury without impact; that is, in the absence of any contemporaneous physical injury to the plaintiff. Start, C. J., in Sanderson v. Northern Pacific Ry. Co., 88 Minn. 162, 92 N. W. 542, 60 L. R. A. 403, 97 Am. St. Rep. 509, citing Gulf, C. & S. F. R. Co. v. Hayter, 93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 865, and notes.

Neither the invasion of the plaintiff's homestead right, nor the interference with her personal property, constituted impact or contemporaneous physical injury. The case would have been materially different if the defendant's servants had committed either assault or assault and battery upon the plaintiff's person. Accordingly, while I think there might have been a recovery not merely in nominal damages in this

case, I also think that the defendant's assignments of error directed to plaintiff's inability to recover merely because she was scared on account of the search were well taken, and that the judgment of the trial court should have been reversed.