# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF BLOOMINGTON, ILLINOIS, v. VILLAGE OF ISLE.
# SIGNE PETERSON v. SAME.

122 N. W. (2d) 36.

May 10, 1963—Nos. 38,860, 38,861.

*Schermer & Gensler,* for appellant.
*Spellacy, Spellacy & Lano,* for respondents.

THOMAS GALLAGHER, JUSTICE.

These actions which were tried together involve construction of Minn. St. 340.95, the Civil Damage Act.

In the first action, plaintiff, State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, hereafter referred to as State Farm Mutual, as insurer in an automobile liability insurance policy covering an automobile owned by L. Victor Peterson, named as the insured in such policy, seeks reimbursement from defendant, village of Isle, a municipal corporation, as owner of a municipal liquor store, for sums paid out in provident settlement of claims arising under such policy. Such claims resulted from an automobile accident which occurred February 6, 1961, and involved the insured as driver of the described automobile. It is not disputed that the proximate cause of the accident was the intoxication of the insured and that such intoxication was induced by defendant's illegal sale of intoxicants to him. In this action the jury returned a verdict in plaintiff's favor in the sum of $13,247 covering the claims settled by it.

In the second action, Signe Peterson, plaintiff and wife of the insured, seeks recovery from defendant village for damages arising out of the same accident. Her claims are based upon the resulting loss of her means of support; and upon damages to her person in the form of mental suffering, shock, loss of companionship, and loss of consortium, all occasioned by the injuries which were sustained by her husband in the accident. The jury returned a verdict in her favor in the sum of $10,000 for injury to her means of support and $6,200 for injury to her person.

It was stipulated that plaintiff had expended $1,737.57 from proceeds received on the sale of the farm homestead owned jointly by plaintiff and her husband in payment of his hospital, medical, ambulance, and nursing expenses arising out of the accident. Defendant objected to the relevancy thereof as a valid item of plaintiff's damages, and at the close of the testimony made the following motion:

"* * * we move the Court to withdraw from the jury any consideration of damage other than the loss of means of support and * * * to exclude any consideration of the amount paid for medical bills of L. Victor Peterson and any consideration of the suffering or mental

anguish and nervousness and worry which Mrs. Peterson claims to have sustained."

In its charge to the jury, the court stated:

"By means of support we mean that which furnishes a livelihood, a source or means of living, subsistence, sustenance or living. * * * the term includes all such means of living as would enable one to live in the degree of comfort suitable and becoming to his station in life. It is said to include anything requisite to housing, feeding, clothing, health, proper recreation, vacation, traveling expense or other proper cognate purposes.

"* * * if you find that by reason of the accident in question he [L. Victor Peterson] has sustained a permanent injury, you will determine as to what extent this permanent injury, if any, which he sustained in the accident have with reasonable certainty affected his future ability to provide such means of support for the plaintiff Signe Peterson.

\* \* \* \* \*

"In considering the question as to damages * * * due the plaintiff Signe Peterson for and on account of personal injury, the only matter which you may consider in that connection is the mental anguish which you may find with reasonable certainty that she has suffered as a proximate result of the accident in question and which with reasonable certainty she will suffer in the future."

In such instructions the court made no reference to either plaintiff's loss of consortium or to the items of medical and like expenses paid by her. At the close of the instructions, defendant objected as follows:

"* * * the defendant excepts to the Court's submitting to the jury the question of damage to the person or injury to the person of Signe Peterson, and also excepts to the instruction permitting the jury to return as part of the loss of means of support the sum of $1,737.57 which is the amount of hospital, medical, ambulance and nursing bills introduced.

"Defendant * * * objects to such part of the instruction as permits loss of support to include pecuniary injury, and * * * to that portion of the instruction which states, 'Means of support includes all of the items

as would enable one to live in the degree of comfort suitable and becoming to one's station in life, including housing, feeding, clothing, health, proper recreation and travel expense,' in that the instruction should be limited to actual support in terms of money contributions referable to those things necessary for livelihood."

Defendant's subsequent motions for judgment notwithstanding the verdict or for a new trial in the State Farm Mutual case and for a new trial in the Signe Peterson case were denied. The present appeals are from the orders denying such motions. In memoranda attached to the orders, the trial court stated:

### (In the State Farm Mutual Case)

"The statute provides that 'every husband, wife, child, parent, guardian, employer or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages sustained.'

"The language used by the Legislature is clear and unambiguous and is clearly intended * * * to include the plaintiff. * * * If the Legislature had not wanted *other persons* included * * * it would not have added 'other persons.'

"The plaintiff is clearly a person according to the legislative intent. It is an artificial person, the same as an employer could be an artificial person. When it paid out money on its liability policy, it was damaged under any common sense interpretation of the word damaged."

### (In the Signe Peterson Case)

"Here the plaintiff did not suffer such physically disabling injuries, but she did suffer injury to her person in the form of mental anguish. To a good wife who seriously considers her marital status and obligations, the physical injuries of her husband and the resulting effects upon both himself and herself are bound to produce mental anguish which causes far more actual pain and suffering to her than any physical injury to her could possibly produce. Accordingly, this Court is satisfied that it is amply justified under the evidence in this case in allowing the jury

verdict for mental anguish as physical injury to stand. The nervous system of a human is part of his person, and mental anguish is accordingly an injury to such person's person.

\* \* \* \* \*

"The plaintiff \* \* \* permitted joint funds which otherwise would have been applicable to her support, to be paid upon bills for the care of the injuries of her husband. Such amounts very properly should have been considered by the jury in determining the damages to her means of support."

It is the contention of defendant in the State Farm Mutual case that under § 340.95 State Farm Mutual, as insurer in the automobile liability policy, was unauthorized to bring this action against defendant because under our decisions its insured could not do so because of his voluntary intoxication; and in the Signe Peterson case that (1) plaintiff's mental suffering occasioned by injuries inflicted upon her husband did not constitute an injury to her person and that the medical expenses were not recoverable as a loss of her means of support; and (2) the trial court's instructions with reference to loss of means of support were erroneous.

■ Defendant's contention that State Farm Mutual is not authorized to bring action under § 340.95 must be sustained under our decision in Empire Fire & Marine Ins. Co. v. Williams, 265 Minn. 333, 121 N. W. (2d) 580. There we held that an insurer of an intoxicated driver had no greater right under § 340.95 than did its insured; and that where the latter, by reason of his voluntary intoxication, had no cause of action under this section it would follow that his insurer likewise was without recourse thereunder.

■ We are of the opinion that the verdict of $10,000 in favor of Signe Peterson for injury to her means of support must stand. Section 340.95 provides that a wife injured in means of support by the intoxication of any person has a right of action therefor against the person whose illegal sale of intoxicants caused such intoxication. Here plaintiff's means of support was substantially damaged by reason of the injuries and disabilities suffered by her husband whose intoxication was the proximate cause thereof. Previous to the accident he had been capable

of physical labor and his earnings therefrom contributed materially to plaintiff's livelihood and support. His physical exertions in gardening and in making repairs to the home of plaintiff and himself likewise aided the family budget. The accident nullified all such contributions. When it is considered that plaintiff at all times has been a semi-invalid, incapable of exerting physical effort, and that in consequence of the accident she and her husband have been compelled to sell their homestead and move into the house of one of their children, the seriousness of her present situation cannot be doubted.

■ There is nothing to indicate that any part of this award was based upon plaintiff's payment of the medical items described. The trial court did not instruct the jury that such expenses were to be considered in computing such damages. Normally, the husband's liability for such expenses incurred in his wife's behalf is regarded as an injury to property, Mattfeld v. Nester, 226 Minn. 106, 132, 32 N. W. (2d) 291, 308, but here no award for injury to property was made to plaintiff. The medical expenses were paid from funds owned jointly by plaintiff and her husband which she could look to as a source of support and which were depleted to the extent of the payments described. Accordingly, it might logically be said that the jury could properly have considered them in determining a fair amount due plaintiff for her loss of support. Under the circumstances described, we feel that the amount awarded plaintiff for loss of means of support should be sustained.

■ We find no error in the court's instruction with reference to the definition of "means of support." Generally speaking, in actions under civil damage enactments it has been held that "means of support" has reference to the standard of living to which a wife is accustomed, taking into consideration the physical capabilities and earning capacity of her husband, and that it should not be limited to an evaluation of the bare necessities which might sustain her. Brockway v. Patterson, 72 Mich. 122, 40 N. W. 192, 1 L. R. A. 708; Whipple v. Rosenstock, 99 Neb. 153, 155 N. W. 898, L. R. A. 1916D, 940; Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081. It has also been held that in awarding damages therefor the jury may consider the condition of the family, the habits, health, and earning capacities of the husband, as well as the life

expectancy of both the husband and wife. Brockway v. Patterson, *supra*; Whipple v. Rosenstock, *supra*; Garrigan v. Kennedy, *supra*. See, Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110.

The instructions of the court as above set forth appear to have encompassed all such considerations. Defendant cites no authorities which indicate any error therein, and accordingly they should be upheld.

■  We are of the opinion that the evidence is inadequate to support the award of $6,200 to plaintiff "for injury to her person." (No award was made for injury to her property.) She suffered no physical injuries or disability because of the accident. The principal basis for her claim in this regard is that she sustained damages due to mental anguish and suffering because of the injuries inflicted upon her husband in the accident and that this should be regarded as an injury to her person under § 340.95. At the trial plaintiff at first conceded that she was "in good health." Later under questioning of her counsel she testified as follows:

"Q.  I want you to tell what the effect of this injury to your husband was upon your own health, whether you are nervous or worried or anything.

\*     \*     \*     \*     \*

"A.  I am nervous and worried all the time, and there is no relaxation and you have to watch him all the time."

No evidence was submitted to indicate that prior to the accident she was not of the same temperament, and no further testimony, medical or otherwise, on the subject was introduced.[1]

It is well established that damages for mental anguish or suffering cannot be sustained where there has been no accompanying physical injury, Sanderson v. N. P. Ry. Co. 88 Minn. 162, 92 N. W. 542, 60

---

[1]In some jurisdictions it has been held that there can be no recovery for worry or apprehension due to injuries sustained in an accident. 15 Am. Jur., Damages, § 187. But see, Annotation, 49 L. R. A. (N.S.) 296; Hogan v. Santa Fe Trail Transp. Co. 148 Kan. 720, 85 P. (2d) 28, 120 A. L. R. 521; Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214; Hancock v. Telegraph Co. 137 N. C. 497, 49 S. E. 952, 69 L. R. A. 403; Western Union Telegraph Co. v. Garlington, 101 Ark. 487, 142 S. W. 854, 49 L. R. A. (N.S.) 300.

L. R. A. 403; Beaulieu v. G. N. Ry. Co. 103 Minn. 47, 114 N. W. 353, 19 L. R. A. (N.S.) 564; Keyes v. Minneapolis & St. L. Ry. Co. 36 Minn. 290, 30 N. W. 888; Angst v. G. N. Ry. Co. (D. Minn.) 131 F. Supp. 156, unless there has been some conduct on the part of defendant constituting a direct invasion of the plaintiff's rights such as that constituting slander, libel, malicious prosecution, seduction, or other like willful, wanton, or malicious misconduct. Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85; Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203; Lesch v. G. N. Ry. Co. 97 Minn. 503, 106 N. W. 955, 7 L. R. A. (N.S.) 93; Beaulieu v. G. N. Ry. Co. *supra*. The record here fails to disclose that the conduct of defendant upon which plaintiff's action is based falls within any of such categories, and accordingly it must follow that the award of damages for injuries to person based upon plaintiff's mental suffering is without evidentiary support and cannot be sustained. See, Annotation, 6 A. L. R. (2d) 798, § 4.

■ Plaintiff asserts that the evidence as to her loss of consortium is adequate to support the award of damages for "injury to her person." In Minnesota (and most other jurisdictions) under common-law principles the right of recovery for loss of consortium, which includes services and other relationships generally embodied within the marital status, is limited to the husband, notwithstanding the so-called Married Women's Act, Minn. St. c. 519. Hartman v. Cold Spring Granite Co. 247 Minn. 515, 77 N. W. (2d) 651; Eschenbach v. Benjamin, 195 Minn. 378, 263 N. W. 154; Annotation, 23 A. L. R. (2d) 1378. And although under § 340.95 plaintiff is authorized to recover for injury to "her person," in our opinion this provision would not authorize recovery for loss of consortium denied under common-law doctrines. Eschenbach v. Benjamin, *supra*. It seems clear that loss of consortium cannot fairly be said to constitute an injury to the person, but rather appears to be a consequential item of damage resulting from such a type of injury, and giving rise to a separate and independent cause of action. Thus, in Mattfeld v. Nester, 226 Minn. 106, 131, 32 N. W. (2d) 291, 308, it was stated:

"An actionable wrong causing injury to the wife gives rise to two

causes of action against the wrongdoer, viz., one in favor of the wife for the damages suffered by her personally, and another in favor of her husband for loss of her services and society and for expenses to which he is put in taking care of her."

Likewise, in Fowlie v. First Minneapolis Trust Co. 184 Minn. 82, 85, 237 N. W. 846, 847, 78 A. L. R. 589, this court gave approval to the doctrine that consequential damages resulting from personal injuries wrongfully inflicted upon a wife did not constitute "damage to the person." Accordingly, since it cannot be held that loss of consortium constitutes an injury to the person, it must follow that there is nothing in this claim which would in any way sustain the award herein for plaintiff's "injury to her person."

The physical injuries sustained by plaintiff's husband as described in the dissent are of course injuries to his person and not to plaintiff's. Any resulting need for future medical or nursing expenses therefor, as well as any requirement for his future care, must be regarded as injuries personal to him or to his property for which he, rather than plaintiff, would have a personal action. If it were established therein that his negligence proximately caused or contributed thereto, of course his recovery would be denied as would be plaintiff's recovery for damages in actions derivative therefrom, with the exception of those authorized by § 340.95. Hartman v. Cold Spring Granite Co. 247 Minn. 515, 77 N. W. (2d) 651; Peters v. Bodin, 242 Minn. 489, 496, 65 N. W. (2d) 917, 922. As indicated above, the latter are limited to damages for injury to her "means of support," for which an award was made here; and for damages for injuries to her "person" or to her "property," which at no time were established.

The order denying defendant's motion for judgment notwithstanding the verdict or for a new trial in State Farm Mutual Auto. Ins. Co. v. Village of Isle is reversed with directions that judgment therein be entered in favor of defendant.

The order denying defendant's motion for a new trial in Signe Peterson v. Village of Isle is affirmed in so far as it relates to the verdict of $10,000 to plaintiff for her loss of means of support.

The order denying defendant's motion for a new trial in Signe

Peterson v. Village of Isle is reversed in so far as it relates to the verdict of $6,200 in favor of Signe Peterson for injury to her person.

MURPHY, JUSTICE (dissenting).

I cannot agree with that part of the majority opinion which holds that the verdict in the sum of $6,200 for injury to the wife's person is not sustained by the record. It appears that as a result of the accident the husband became permanently disabled. His brain was badly damaged, requiring an operation which left him with a residual perforation in the area of his right temple where surgical penetration had taken place. He lost the sight of one eye and vision of the other was impaired substantially. He suffers from convulsive spells which occur sometimes 3 days apart and sometimes every 2 weeks. He has dizzy spells, his motor reflexes are impaired, and he has to be watched so that he will not fall down. He is impatient, uncommunicative, and requires constant care. All this has taken its toll in a drain upon the plaintiff's physical and nervous system.

The verdict for loss of support does not compensate for this damage. She has not only lost the support to which she is entitled, but is required now to expend both from her physical and nervous resources to meet a new responsibility. Moreover, it may be assumed that her husband's condition will require a further drain upon whatever financial assets she may have. It seems to me that this item of damages comes within the provisions of Minn. St. 340.95, which permits compensation for damages because of injury "in person or property." For the foregoing reasons, I respectfully dissent.

MR. JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.