Tiffany L. CARLSON, Appellant,

v.

ILLINOIS FARMERS INSURANCE
COMPANY, Respondent.

No. C3–94–648.

Court of Appeals of Minnesota.

Aug. 30, 1994.

Robert N. Edwards, Anoka, for appellant.

Michael T. Feichtinger, Krister D. Johnson, St. Cloud, for respondent.

Considered and decided by HARTEN, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

SHORT, Judge.

This underinsured motorist coverage case arises from a one-car accident. Before trial, the court ruled Tiffany Carlson could not recover damages for the emotional distress she suffered as a result of witnessing the death of her best friend. We are asked to consider whether that claim should proceed to trial.

## FACTS

Four young adults were involved in a one-car rollover accident on County Road 37 in Dayton. The driver lost control of the vehicle, causing it to leave the road, strike an embankment, and flip over. The vehicle traveled approximately 150 feet before coming to a stop on its roof. Tiffany Carlson suffered serious injuries, and her best friend died instantly. Carlson's medical expenses exceeded $13,000. She settled her claims against the driver for $45,000, the limits of his insurance policy. Because her damages exceeded this amount, Carlson sued her insurer, Illinois Farmers Insurance Company, for underinsured motorist coverage.

Carlson claims the accident caused her serious physical injuries, emotional distress resulting from those injuries, $1,000 in lost wages, and emotional distress resulting from witnessing the death of her best friend. The trial court granted partial summary judgment for the insurer on Carlson's claim for emotional distress arising from witnessing her friend's death. Carlson's remaining claims for lost wages, physical injury, and attendant emotional pain and suffering are preserved for trial. Carlson appeals the partial summary judgment under Minn.R.Civ. App.R. 104.01.

## ISSUE

Can Carlson recover damages for the emotional distress arising from witnessing the death of her best friend in an accident caused by the defendant's negligence?

## ANALYSIS

On appeal from summary judgment, we determine whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The facts before us are not disputed. We review de novo the trial court's legal conclusions. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Courts historically have been concerned about the reliability of emotional distress claims and have limited liability for those claims. *See* Restatement (Second) of Torts § 436A cmt. b (1965) (the law avoids permitting redress for relatively trivial harm, harm that is easily falsified or imagined, or harm caused by a negligent defendant whose

fault was not sufficient to justify holding him accountable for it); *see generally* Michael K. Steenson, *The Anatomy of Emotional Distress Claims in Minnesota,* 19 Wm. Mitchell L.Rev. 1 (1993) (discussing history of emotional distress law and standards for recovery). A plaintiff's right to damages for emotional distress arising from physical injury to the plaintiff is firmly established. *Krueger v. Henschke,* 210 Minn. 307, 309, 298 N.W. 44, 45 (1941); 4 *Minnesota Practice,* CIVJIG 155 (1986); Steenson, *supra* at 2–3. Because this emotional damage is so closely related to an objective physical injury, its existence is relatively certain and the requirement of proximate cause is easily satisfied. *See* W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 54 (5th ed. 1984) (describing mental consequences of physical injury as "parasitic" damages).

■ Plaintiffs also have a right to damages for the emotional distress caused by defamation, malicious prosecution, and other willful or malicious conduct. *Langeland v. Farmers State Bank of Trimont,* 319 N.W.2d 26, 31 (Minn.1982); *Lee v. Metropolitan Airport Comm'n,* 428 N.W.2d 815, 823–24 (Minn. App.1988). Although these torts generally do not cause physical injury, they naturally and directly cause emotional distress. *See Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 438 (Minn.1983) (defamation, malicious prosecution and other willful conduct constitute invasions of legal rights which by very nature are likely to provoke severe emotional disturbance). Because this distress is a natural consequence of willful conduct, an intent to cause the harm fairly can be imputed to the defendant. *Johnson v. Sampson,* 167 Minn. 203, 206–08, 208 N.W. 814, 815–16 (1926); *see also Hubbard,* 330 N.W.2d at 438 (fact that distress was natural result of actionable tort provides assurance that distress was intentionally inflicted).

■ Similarly, where a defendant intentionally or recklessly engages in "extreme and outrageous" conduct that causes a plaintiff severe emotional distress, the plaintiff can recover for emotional distress because it is a natural consequence of the defendant's willful conduct. *Dornfeld v. Oberg,* 503 N.W.2d 115, 117, 119 (Minn.1993) (quoting

*Hubbard,* 330 N.W.2d at 438–39). But this cause of action covers only the most egregious conduct. *Id.* at 117–18 (quoting *Hubbard,* 330 N.W.2d at 437, 439).

■ In a negligence action without direct physical injury to the plaintiff, a plaintiff can recover damages for emotional distress only if she (1) is within the zone of danger created by the defendant's negligence, and (2) exhibits physical manifestations of emotional distress. *Leaon v. Washington County,* 397 N.W.2d 867, 875 (Minn.1986); *Stadler v. Cross,* 295 N.W.2d 552, 553 (Minn.1980); *see also Consolidated Rail Corp. v. Gottshall,* —— U.S. ——, ——, 114 S.Ct. 2396, 2410–11, 129 L.Ed.2d 427 (1994) (allowing recovery for negligently inflicted emotional injury under zone of danger test in FELA case).

■ Only damages for distress arising from the plaintiff's fear for her own safety are recoverable. Restatement (Second) of Torts § 313 cmt. d. (1965); *see Stadler,* 295 N.W.2d at 553, 555 (parents cannot recover for distress arising from witnessing their son get hit by a truck). The zone of danger and physical manifestation requirements provide objective indications of the reliability of the emotional distress claim. *See Leaon,* 397 N.W.2d at 875 (physical manifestation test intended to assure genuineness of distress); *Stadler,* 295 N.W.2d at 554 (jury can objectively determine whether plaintiff was in zone of danger). In addition, the zone of danger requirement ensures that defendants are liable only to those to whom they owe a duty of care. *See Stadler,* 295 N.W.2d at 554 (liability must be controlled by workable and just limits). The fact that a defendant placed another person at risk provides the legal justification for holding him or her accountable for the person's injury. *Purcell v. St. Paul City Ry.,* 48 Minn. 134, 138–39, 50 N.W. 1034, 1035 (1892).

Carlson admits that her claim does not arise from physical injury, is not based on a malicious invasion of rights or intentional outrageous conduct, and does not arise from fear for her own safety. But she argues that her claim is covered by a new cause of action which allows recovery for negligently inflicted emotional distress without attendant

physical harm as long as the surrounding circumstances suggest the distress is genuine. *See generally* Richard N. Pearson, *Liability to Bystanders for Negligently Inflicted Emotional Harm–A Comment on the Nature of Arbitrary Rules*, 34 U.Fla.L.Rev. 477 (1982) (arguing against adopting such a cause of action). To support this position, Carlson cites two cases decided by this court: *Silberstein v. Cordie*, 474 N.W.2d 850 (Minn.App. 1991), *aff'd in part, rev'd in part*, 477 N.W.2d 713, 714 (Minn. Nov. 26, 1991), and *Quill v. Trans World Airlines, Inc.*, 361 N.W.2d 438 (Minn.App.1985), *pet. for rev. denied* (Minn. Apr. 18, 1985). But these cases both involve traditional negligent infliction claims in which plaintiffs sought to recover for fear for their own safety. *See Silberstein*, 474 N.W.2d at 856–57 (plaintiffs were in their house while defendants' son murdered a family member); *Quill*, 361 N.W.2d at 443 (plaintiff was in airplane while it fell toward earth). While the plaintiffs in *Silberstein* and *Quill* displayed relatively minor physical symptoms, we did not eliminate the requirement entirely. *Silberstein*, 474 N.W.2d at 856–57; *Quill*, 361 N.W.2d at 443. In addition, the Minnesota Supreme Court has recently reiterated that negligent infliction claims require physical manifestations of distress. *Garvis v. Employers Mut. Casualty Co.*, 497 N.W.2d 254, 258 (Minn.1993); *see also Dornfeld*, 503 N.W.2d at 118 (in dictum, court stated that negligent infliction of emotional distress claim requires proof of physical injury).

■ We realize that other jurisdictions allow recovery under certain circumstances for emotional distress arising from negligently inflicted harm to a third party. *See, e.g., Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 81, 85, 441 P.2d 912, 921, 925 (1968) (mother who saw child get hit by car could recover for emotional distress); *Dunphy v. Gregor*, 136 N.J. 99, 642 A.2d 372, 380 (1994) (unmarried cohabitant may recover for emotional distress upon witnessing automobile accident); *Binns v. Fredendall*, 32 Ohio St.3d 244, 513 N.E.2d 278, 281 (1987) (plaintiff may recover for distress caused by injury to another when plaintiff was injured in same accident); *see also Consolidated Rail Corp.*, — U.S. at —— n. 10, 114 S.Ct. at 2407 n. 10 (listing states which allow bystanders outside

of the zone of danger to recover for emotional distress). But eliminating the physical manifestation requirement would remove an important safeguard against fictitious, imagined, or trivial claims, and the degree of distress would be very difficult to measure if it were no longer tied to a plaintiff's fear for her own safety. *See Stadler*, 295 N.W.2d at 555 (criticizing alternative indicators of reliability such as familial relationships and proximity to the accident); *Beaulieu v. Great N. Ry.*, 103 Minn. 47, 50, 114 N.W. 353, 354 (1907) (law has no standard by which to measure a mother's loss of a son) (quoting *State ex rel. Coughlan v. Baltimore & O. R.R.*, 24 Md. 84, 107–08 (1865)).

■ Further, to allow Carlson's claim to go forward, we would have to conclude that (1) the tortfeasor had a duty to treat Carlson's friend so as not to subject Carlson to emotional distress, and (2) Carlson has a legally protected right to be free from distress arising from harm to her friend. *See Cote v. Litawa*, 96 N.H. 174, 71 A.2d 792, 794–95 (1950) (using this analysis to conclude that mother could not recover for distress caused by harm to her child); *see also Resavage v. Davies*, 199 Md. 479, 86 A.2d 879, 881–83 (1952) (same). While the tortfeasor had a duty to protect both Carlson and her friend from physical harm because they were passengers in his car, he had no duty to protect Carlson from distress arising from the fate of her friend. To hold otherwise would impose on a negligent tortfeasor liability out of proportion to his culpability. *See generally Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 162 N.E. 99 (1928) (discussing general principles of negligence law and concluding a defendant has no duty to avoid injury to those not placed in peril by his conduct); Restatement (Second) of Torts 436A cmt. b (law avoids permitting recovery for emotional distress caused by negligent defendant whose fault was insufficient to justify holding him liable for it).

■ Carlson attempts to distinguish her case from bystander cases such as *Stadler* by emphasizing that she suffered physical injury as a direct result of the car accident. Carlson's physical injury provides a claim for the

emotional distress caused by that injury because it indicates that the tortfeasor breached his duty to protect her from physical harm. But the injury is unrelated to her claim for emotional distress arising from the death of her friend. Carlson is in essentially the same position as the parents in *Stadler* even though they remained unhurt. *See Stadler*, 295 N.W.2d at 553 (holding uninjured bystanders outside zone of danger cannot recover). Her physical injuries are no indication of the reliability of the claim at issue, and her presence in the car does not create a duty on the part of the driver to protect her from harm arising from witnessing her friend's death. The trial court did not err in dismissing Carlson's claim for emotional distress based on the death of her friend.

## DECISION

Tiffany Carlson is not entitled to damages for the emotional distress she suffered as a result of observing her friend's death.

**Affirmed.**