Thomas Joseph IACONA, Appellant,

v.

Donald Bruce SCHRUPP,
et al., Respondents.

No. C4-94-593.

Court of Appeals of Minnesota.

Sept. 6, 1994.

William E. Jepsen, Karon, Jepsen & Daly, P.A., St. Paul, for appellant.

Andrea E. Reisbord, Robert J. McGuire, Barbara A. Burke, Cousineau, McGuire & Anderson, Minneapolis, for respondents.

Considered and decided by SCHUMACHER, P.J., and NORTON and SHORT, JJ.

## OPINION

SHORT, Judge.

Thomas Joseph Iacona was involved in two traffic accidents in one evening. This personal injury action arises from the second accident and involves the driving conduct of Donald Bruce Schrupp. The trial court summarily dismissed Iacona's claims because there was no showing that the driver's conduct was directed at Iacona. On appeal, Iacona argues there are facts in dispute and the trial court erred in interpreting the law.

### FACTS

Early one morning, Iacona and a friend were involved in a one-car rollover accident on Highway 52 in Minneapolis. Neither man was seriously injured, but Iacona sustained minor injuries to his face, hand, and knee. Because he was disoriented and faint, Iacona lay down on a grass embankment near the rolled vehicle while his friend attempted to flag down passing motorists. Schrupp was driving by in an oil tanker and stopped to help. As Schrupp backed his tanker along the edge of the road, he accidently ran over Iacona's friend. Iacona opened the passenger door, told Schrupp what had happened, and got off the truck to check on his friend. When Schrupp pulled forward, Iacona jumped back on the side of the truck to stop Schrupp. Schrupp hit the brakes and Iacona fell from the side of the tanker to the roadway. Schrupp panicked and drove away.

Iacona's friend was pronounced dead at the scene. While Iacona aggravated his previously incurred injuries and sustained a bloody nose as a result of his fall from Schrupp's truck, he is not making a claim for physical damages and only claims damages for severe emotional distress.

## ISSUES

I.  Can Iacona recover damages for the emotional harm of witnessing the death of his friend?

II.  Do fact issues relating to Schrupp's fleeing the accident scene preclude summary judgment?

## ANALYSIS

■ On appeal from summary judgment, we determine whether the evidence raises any genuine issues of material fact when viewed in the light most favorable to the nonmoving party and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Summary judgment is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). We need not defer to the trial court's application of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ The complaint states claims against Schrupp, his employer, and the owner of the truck, based on Schrupp's negligent operation of a motor vehicle. Iacona did not plead a cause of action based on Schrupp's intentional driving conduct. In opposition to summary judgment, Iacona argued Schrupp's willful act of leaving the accident scene caused Iacona to suffer severe emotional distress. Both sides briefed that issue, and the trial court resolved it without objection. Under these circumstances, we consider both claims for negligent and intentional infliction of emotional distress and treat the intentional tort as though it had been raised in the pleadings. *See* Minn.R.Civ.P. 15.02 (when issues not in pleadings are tried by implied consent of parties, they shall be treated as if raised in the pleadings); *T.W. Sommer Co. v. Modern Door & Lumber Co.,* 293 Minn. 264, 269, 198 N.W.2d 278, 281 (1972) (issues litigated without objection are treated as if they had been raised in pleading).

## I.

■ A plaintiff who is physically injured by a defendant's negligence can recover for past and present mental anguish suffered as a result of those injuries. *Krueger v. Henschke,* 210 Minn. 307, 309, 298 N.W. 44, 45 (1941); *see generally* Michael K. Steenson, *The Anatomy of Emotional Distress Claims in Minnesota,* 19 Wm.Mitchell L.Rev. 1, 4–26 (1993) (discussing emotional distress law). But where the defendant's negligence causes emotional distress without any accompanying physical injury, a plaintiff can recover for emotional disorders only if he *(a)* is within the zone of danger created by the defendant's negligence, and *(b)* exhibits physical manifestations of emotional distress. *Leaon v. Washington County,* 397 N.W.2d 867, 875 (Minn.1986); *see also Consolidated Rail Corp. v. Gottshall,* —— U.S. ——, —— – ——, 114 S.Ct. 2396, 2410–11, 129 L.Ed.2d 427 (1994) (allowing recovery for negligently inflicted emotional injury under zone of danger test in FELA case). Plaintiffs who fear that another will sustain injury cannot recover for that emotional distress. Restatement (Second) of Torts § 313 cmt. d (1965); *see also Stadler v. Cross,* 295 N.W.2d 552, 553, 555 (Minn.1980) (parents cannot recover for distress arising from witnessing their son get hit by a truck); *Carlson v. Illinois Farmers Ins. Co.,* 520 N.W.2d 534, 538 (Minn.App. 1994) (plaintiff cannot recover for distress arising from witnessing death of friend).

■ Iacona argues he was within the zone of danger created by Schrupp's negligent driving conduct. But Iacona was not on the road while Schrupp was backing up the oil tanker. The medical evidence establishes that Iacona's anxiety and distress arose from witnessing a horrific event involving a close friend rather than from fear for his own safety. *See Stadler,* 295 N.W.2d at 554 (in applying zone of danger test, plaintiff can be asked whether fear was for himself or another).

■ Schrupp had a duty to take reasonable care to avoid injuring persons in the zone of danger of his actions. *See id.* at 553 (defendant liable for negligent infliction of emotional distress only to people within zone

of danger of physical injury). But that duty of care does not extend to protect someone outside the zone of danger from emotional distress incurred by witnessing harm to a friend. *See Resavage v. Davies,* 199 Md. 479, 86 A.2d 879, 881–83 (1952) (tortfeasor has no duty to mother of child to protect her from distress arising from harm to the child); *see generally Palsgraf v. Long Island R.R.,* 248 N.Y. 339, 162 N.E. 99 (1928) (defendant has no duty to avoid injury to those not placed in peril by his conduct). To hold otherwise would impose on a negligent tortfeasor liability out of proportion to his culpability. *See Stadler,* 295 N.W.2d at 554 (liability must be controlled by workable and just limits). As a matter of law, Schrupp had no duty to protect Iacona from distress arising from witnessing the death of a close friend. The trial court properly granted summary judgment against Iacona on his claim for negligent infliction of emotional distress.

## II.

 Intentional infliction of emotional distress is a separate and independent tort. *Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 438 (Minn.1983). To support a claim for the intentional infliction of emotional distress, a plaintiff must show *(a)* the defendant's conduct was extreme and outrageous, *(b)* the conduct was intentional or reckless, *(c)* the conduct caused the plaintiff emotional distress, and *(d)* the distress was severe. *Dornfeld v. Oberg,* 503 N.W.2d 115, 117 (Minn.1993) (quoting *Hubbard,* 330 N.W.2d at 438–39). Conduct is extreme and outrageous if "it passes the boundaries of decency and is utterly intolerable to the civilized community." *Haagenson v. National Farmers Union Property & Casualty Co.,* 277 N.W.2d 648, 652 n. 3 (Minn.1979). Emotional distress is severe if "no reasonable [person] could be expected to endure it." *Hubbard,* 330 N.W.2d at 439 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). These strict requirements prevent fictitious and speculative claims, and limit recovery to cases involving particularly eggregious facts. *Id.*

Viewing the evidence in the light most favorable to Iacona, Schrupp drove away from the accident even though he knew that he had run over someone and that Iacona was clinging to his truck. In addition, there is medical evidence that Iacona allegedly suffered nightmares, paranoia, nervousness, blurred vision, headaches, and impotence as a result of Schrupp's leaving the accident scene. A jury should be given an opportunity to determine whether Schrupp's intentional conduct surpassed the bounds of decency and whether his intentional act of leaving the scene caused Iacona to suffer severe emotional distress. *See, e.g.,* Minn. Stat. § 169.09, subd. 2 (1992) (driver of vehicle involved in accident must stop at or near scene of accident). Under these circumstances, fact issues preclude summary dismissal of Iacona's claim for the intentional infliction of emotional distress.

## DECISION

Iacona cannot recover damages from witnessing Schrupp negligently run over his friend. Fact issues on whether Schrupp's intentional act of leaving the accident scene surpassed the bounds of decency and caused Iacona to suffer severe distress preclude summary judgment on the claim of intentional infliction of emotional distress.

**Affirmed in part, reversed in part.**