**Geralyn S. ENGLER, Respondent,**

v.

**Beverly J. WEHMAS, Appellant.**

No. C9–01–528.

Court of Appeals of Minnesota.

Sept. 25, 2001.

Mark D. Streed, David E. Scouton, Meshbesher & Spence, Ltd., Woodbury, MN, (for respondent).

Eric J. Magnuson, Jan M. Gunderson, Piper L. Kenney, Diane B. Bratvold, Rider, Bennett, Egan & Arundel, Minneapolis, MN, (for appellant).

Considered and decided by KALITOWSKI, Presiding Judge, KLAPHAKE and STONEBURNER, Judges.

## OPINION

KALITOWSKI, Judge

Respondent Geralyn S. Engler brought an action against appellant Beverly J. Wehmas based on an accident that resulted in severe injuries to respondent's son. Respondent claimed negligent infliction of emotional distress based on her fear for her own safety, the fear she felt for her son's safety, and the distress she suffered as a result of witnessing injuries to her son. Appellant moved for partial summary judgment, arguing that Minnesota caselaw does not allow for damages for negligent infliction of emotional distress based on either fear for the safety of a third person or witnessing injuries to a third person. The district court denied the motion and certified the question to this court.

## FACTS

On April 17, 1997, respondent Geralyn Engler, Brent Renner, and respondent's two sons, Jacob and Jeffrey, were driving eastbound on 221st Avenue in Oak Grove, Minnesota. When four-and-a-half-year-old Jeffrey stated that he needed to go to the bathroom, Renner pulled to the side of the rural gravel road. Jeffrey walked about 25 feet to the tree line along the ditch so that he was not visible from the road. Respondent stayed alongside the ditch side of the rear passenger door.

Subsequently, appellant Beverly Wehmas approached westbound on 221st Avenue. Appellant lost control of her car and it veered towards the ditch where Jeffrey was emerging from the wooded area. Respondent thought appellant's car was going to hit her and run into Renner's car. Instead, the car missed respondent and struck Jeffrey, throwing him ten feet in the air. Jeffrey sustained severe injuries, including permanent scarring and disfigurement. Since the accident, respondent claims to suffer from depression, posttraumatic stress disorder, and other mental and physical ailments.

In July 1999, respondent commenced a lawsuit against appellant claiming negligent infliction of emotional distress arising from her fear for her own safety, her fear for her son's safety, and the distress caused by witnessing her son's serious injuries. On December 5, 2000, appellant renewed an earlier motion for summary judgment, asking the district court to dismiss respondent's claims for emotional distress based on fear for or injuries to her son. In the alternative, appellant asked the district court to certify the question of whether respondent may recover for emotional distress based on that claim. The district court denied appellant's motion for summary judgment and certified, pursuant to Minn. R. Civ.App. 103.03(h), the following question:

Where the plaintiff has asserted a claim for negligent infliction of emotional distress and is found to have:

1. been in the "zone of danger" of physical impact;

2. experienced a reasonable fear for her own safety; and

3. demonstrated physical manifestations of emotional distress,

may the plaintiff also recover damages for emotional distress caused by her fear for the safety of her son and from witnessing her son's injuries.

## ISSUES

1. Is the certified question important and doubtful?

2. May respondent recover damages for emotional distress arising from witnessing an accident from within the zone of danger, caused by appellant's negligence, which caused her fear for her son's safety and resulted in severe injuries to her son?

## ANALYSIS

### I.

■ Both parties assert that the district court's certified question is "important and doubtful." We agree. This court may hear an appeal from a denial of a motion for summary judgment "if the trial court certifies that the question presented is important and doubtful." Minn. R. Civ. App. P. 103.03(h) (2000); *Jostens, Inc. v. Federated Mut. Ins. Co.*, 612 N.W.2d 878, 883 (Minn.2000). Whether a question is important and doubtful raises a legal question and is subject to de novo review by this court. *Jostens*, 612 N.W.2d at 883.

■ In determining if a question is important, we balance a number of factors. *Id.* at 884. A question is increasingly important if it has statewide impact, reversal is likely, lengthy proceedings will be terminated, and a district court's incorrect ruling will inflict substantial harm on the parties. *Id.* A question is decreasingly important if it will be affirmed, a trial will moot the issue, reversal will not terminate the action, and reversal would not relieve the parties of a significant burden. *Id.* But each factor does not warrant equal consideration. *Id.* "[A] great deal of importance should be placed on whether reversal of the question will terminate the proceedings." *Id.*

■ Here, while our decision on the certified question presented does not terminate the proceedings, it substantially reduces appellant's responsibility for damages. By answering the certified question in the negative respondent may not present evidence relating to her son's injuries. This will greatly reduce the scope of the proceedings and affect the amount and type of damages respondent may claim. We thus conclude the issue presented here is important.

■ "A question is properly certified as doubtful if there is no controlling precedent." *Id.* (citation omitted).

> That the question is one of first impression is not, however, of itself sufficient to justify certification as doubtful; the question should be one on which there is substantial ground for a difference of opinion.

*Id.* at 885 (quotation omitted). Because there is no direct controlling caselaw on this issue and other jurisdictions are split on whether to allow recovery for negligent infliction of emotional distress based on the injury to a family member, we conclude that the question presented is doubtful.

Because the certified question presented is both important and doubtful, we grant review.

### II.

■ Appellant contends that the district court erred in denying her motion for summary judgment and in concluding that respondent can recover for her emotional distress arising from appellant's negligent conduct against respondent's son.

On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). A reviewing court need not defer to the district court's application of the law when the material facts are not in dispute. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Here, there are no material facts in dispute, thus our review is de novo.

The elements necessary to maintain a claim for negligence are (1) duty; (2) breach of that duty; (3) that the breach of duty be the proximate cause of plaintiff's injury; and (4) that [the] plaintiff did in fact suffer injury.

*Johnson v. State*, 553 N.W.2d 40, 49 (Minn. 1996) (citation omitted). Courts have added three additional requirements for the tort of negligent infliction of emotional distress: a plaintiff must show she

(1) was within a zone of danger of physical impact; (2) reasonably feared for her own safety; and (3) suffered severe emotional distress with attendant physical manifestations.

*K.A.C. v. Benson*, 527 N.W.2d 553, 557 (Minn.1995). Moreover, "[c]ourts historically have been concerned about the reliability of emotional distress claims and have limited liability for those claims." *Carlson v. Illinois Farmers Ins. Co.*, 520 N.W.2d 534, 535 (Minn.App.1994) (citing Restatement (Second) of Torts § 436A cmt. b (1965)) (other citation omitted).

Both parties agree that all the required elements of a claim for negligent infliction of emotional distress are present here, and it is not disputed that respondent can go forward with her claim for the damages she suffered based on her fear for her own safety.

But no Minnesota case has addressed whether a plaintiff within the zone of danger can recover for emotional distress arising from witnessing an injury to a plaintiff's child. Although not controlling, the discussion of negligent infliction of emotional distress claims in *Stadler v. Cross*, 295 N.W.2d 552 (Minn.1980), is instructive. In *Stadler*, the Minnesota Supreme Court held that a plaintiff could not bring an action for intentional infliction of emotional distress for damages based on the injuries to the plaintiff's child because the plaintiff was not in the zone of danger. *Id.* at 553. In discussing why Minnesota applies the zone-of-danger test, the court mentioned problems with limitless liability to tortfeasors.

A person's liability for the consequences of her or his actions cannot be unlimited. The limits imposed must be as workable, reasonable, logical, and just as possible. If the limits cannot be consistently and meaningfully applied by courts and juries, then the imposition of liability would become arbitrary and capricious.

*Id.* at 554. Moreover, the court raised policy concerns about a rule that would allow recovery of damages for negligent infliction of emotional distress for a plaintiff who witnesses injuries to an immediate family member:

what if the third person was the plaintiff's beloved niece or nephew, grandparent, fiancé, or lifelong friend, as dear to the plaintiff as her more immediate family?

*Id.* at 555.

In addition to *Stadler*, we are also mindful of a recent decision of this court that held that a "plaintiff cannot recover for negligent infliction of emotional distress arising from witnessing the death of a friend" even when the plaintiff is inside the zone of danger. *Carlson*, 520 N.W.2d at 535. In discussing where to draw a line

for liability, the *Carlson* court suggested that:

> [w]hile the tortfeasor had a duty to protect both Carlson and her friend from physical harm because they were passengers in his car, he had no duty to protect Carlson from distress arising from the fate of her friend.

*Id.* at 537. The court further concluded that if it were to find otherwise, the tortfeasor's liability would be out of proportion to the tortfeasor's culpability. *Id.*

 Applying the holdings of *Stadler* and *Carlson,* we conclude that Minnesota appellate courts have been reluctant to extend liability to third persons in negligent infliction of emotional distress cases. In addition, Minnesota has never held that a tortfeasor has a duty to protect a person within the zone of danger from witnessing harm to a family member. Thus, this court would be creating new law in Minnesota if we were to hold that respondent could recover damages for the emotional distress she suffered as a result of witnessing her son's injuries. *See Tobin v. Grossman,* 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419, 421 (1969) (stating that allowing the recovery of damages for emotional distress based on an injury to a third party is the creation of new law). Because it is not the function of this court to create new law, we answer the certified question in the negative. *See Stubbs v. N. Mem'l Med. Ctr.,* 448 N.W.2d 78, 80–83 (Minn. App.1989) (refusing to create a cause of action that had not been recognized by the courts or established by the legislature because "[t]he function of this court is primarily decisional and error correcting, rather than legislative or doctrinal").

## DECISION

Notwithstanding the fact that she was within the zone of danger, respondent is not entitled to damages for the emotional distress she suffered as a result of either fearing for her son's safety or witnessing her son's injury.

**Certified question answered in the negative.**

KLAPHAKE, Judge (dissenting)

I respectfully dissent. Although I agree that the certified question is important and doubtful, I disagree with the majority's conclusion that respondent should not be allowed to recover emotional distress damages based on the fear she experienced for her son's safety and based on the anxiety and distress she suffered upon witnessing her son sustain serious injuries. Because respondent was undisputedly in the "zone of danger" and sustained emotional distress damages based on fear for her own safety, she should also be able to present evidence on the emotional distress she sustained as a result of witnessing injury to her child. I would therefore answer the certified question in the affirmative.

I do not believe that in so ruling, we would be "creating new law in Minnesota." A cause of action for negligent infliction of emotional distress has existed in Minnesota since 1892. *See Purcell v. St. Paul City Ry. Co.,* 48 Minn. 134, 50 N.W. 1034 (1892) (allowing recovery by woman who suffered miscarriage after cable car on which she was riding narrowly avoided collision with another car). This cause of action has been limited over the years to require that a successful plaintiff be within the zone of danger of physical impact, reasonably fear for his or her own safety, and suffer severe emotional distress with attendant physical manifestations. *K.A.C. v. Benson,* 527 N.W.2d 553, 557 (Minn.1995). These limitations act as safeguards to insure the genuineness of claims based on emotional distress. *See id.* at 559 (noting courts have required objective component to in-

sure stability and predictability in disposition of emotional distress claims).

Contrary to the majority's characterization of the claims presented here, respondent does not seek to recover damages based on her son's injuries: she seeks damages based on the emotional distress *she* has suffered. This is not, as the majority concludes, an attempt to create new law. Indeed, the case cited by the majority is easily distinguishable because the plaintiff in that case was not in the zone of danger and merely witnessed the accident in which her child was injured. *See Tobin v. Grossman*, 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419, 421 (1969) (refusing to recognize "entirely new cause of action" based on mother's witnessing car striking child, when mother sustained no physical impact in accident and did not fear for her own safety). The unique fact situation presented here may make this a "case of first impression," but it does not make this a case in which we are being asked to make new law or create a new cause of action not yet recognized in Minnesota.

To the contrary, this case presents the logical extension of the two cases cited by the majority, *Stadler v. Cross*, 295 N.W.2d 552 (Minn.1980), and *Carlson v. Illinois Farmers Ins. Co.*, 520 N.W.2d 534 (Minn. App.1994). In *Stadler*, 295 N.W.2d at 554, the supreme court held that a mother could not bring an action for intentional infliction of emotional distress for damages based on injuries to her child because the mother was not in the zone of danger. The court was concerned with the problems that such limitless liability would impose on tortfeasors. *Id.* Here, recovery should be allowed because respondent was in the zone of danger and feared for her own safety as well as her son's. This case thus draws a bright-line rule and provides the "workable, reasonable, logical, and just" limits found to be necessary in *Stadler. See id.*

In *Carlson*, 520 N.W.2d at 538, this court held that a plaintiff cannot recover for negligent infliction of emotional distress arising from witnessing the death of a friend, even when that plaintiff was inside the zone of danger. This court reasoned that the tortfeasor, the driver of the car in which the plaintiff and her friend were riding, "had no duty to protect [the plaintiff] from distress arising from the fate of her friend" and that to impose such a duty would render the tortfeasor's liability out of proportion to his culpability. *Id.* at 537. Again, making a tortfeasor liable for the distress suffered by a mother, herself in danger, at witnessing injury to her child, places limits on liability that are workable and in proportion to culpability.

As recognized by at least one commentator, allowing respondent to recover fully for the emotional distress she has suffered is consistent with basic negligence principles, as set out in Minnesota case law and the Restatement of Torts. *See* Michael K. Steenson, *The Anatomy of Emotional Distress Claims in Minnesota*, 19 William Mitchell L.Rev. 1, 11–15 (1993). Professor Steenson offers the following analysis:

> The plaintiff was in the zone of danger. She reasonably feared for her own safety. She suffered severe emotional distress that was the product of fear for herself or the safety of a family member. The distress resulted in physical harm within the meaning of [existing Minnesota cases discussing proximate cause]. Because emotional harm and resultant physical injury were foreseeable under the circumstances, it is irrelevant if the defendant was unable to foresee the exact manner of occurrence.

*Id.* at 13. Section 436 of the Restatement further supports recovery for these types of damages:

(1) If the actor's conduct is negligent as violating a duty of care designed to protect another from a fright or other emotional disturbance which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability.

(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

(3) The rule stated in Subsection 2 applies where the bodily harm to the other results from his shock or fright at harm or peril to a member of his immediate family occurring in his presence.

Restatement (Second) of Torts § 436 (1965). One of the comments to subsection 3 explains:

> The reason for this exception to the general rule that there cannot be recovery for emotional disturbance, or its consequences, arising from the peril of a third person lies in the fact that the defendant, by his negligence, has endangered the plaintiff's own safety and threatened him with bodily harm, so that the defendant is in breach of an original duty to the plaintiff to exercise care for his protection.

*Id.*, cmt. f.

Thus, the concerns voiced by Minnesota courts in prior cases limiting recovery of emotional distress damages are simply absent here. There is no danger that respondent's claims are not reliable or genuine because she has met the limits set out by Minnesota courts to "lead to reasonable and consistent results": she was within the zone of danger, feared for her own safety, and has exhibited physical manifestations caused by her emotional distress. *See K.A.C.*, 527 N.W.2d at 555.

I would therefore answer the certified question in the affirmative and allow respondent to present evidence on her emotional distress, whether caused by fear for her own safety or for her son's safety, or by the distress or anxiety she experienced upon witnessing her son being severely injured by another's negligence.